363 So.2d 425 (1978)
STATE of Louisiana
v.
Melvin Kim NEITTE.
No. 61707.
Supreme Court of Louisiana.
October 9, 1978.
Arthur A. Lemann, III, New Orleans, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ronald C. Martin, Dist. Atty., S. Michael Henry, Asst. Dist. Atty., for plaintiff-respondent.
DENNIS, Justice.
Defendant, Melvin Kim Neitte, was originally charged with simple robbery, La.R.S. 14:65. Pursuant to a plea bargain with the district attorney he pleaded guilty to a reduced charge of theft of property valued between $100 and $500, La.R.S. 14:67. The district court sentenced defendant to serve two years at hard labor.
Defendant unsuccessfully sought a writ of habeas corpus in the district court. We granted writs to review defendant's contentions that his guilty plea had been induced in part by the district attorney's promise to recommend probation in his case to the sentencing judge and that the district attorney had breached this part of the plea bargain.
*426 In this Court the district attorney concedes that he made no recommendation of probation to the sentencing judge. However, he contends that no one in his office promised to make such a recommendation and that the defendant acknowledged during the Boykin examination that no promises had been made to him to induce his guilty plea other than the reduction of the charge against him.
The record designated for our review does not support the district attorney's contentions. The subject of promises which may have induced his proposed guilty plea was not explored during the Boykin examination. At the hearing in the district court the defendant introduced a letter addressed to the defendant dated June 7, 1977 from the attorney who was defendant's lawyer at that time. The letter followed the lawyer's discussion of defendant's case with the district attorney and outlined a proposed plea bargain:
"* * *
"[The district attorney] has advised me that he would be willing to reduce the charge of simple robbery to theft of under $500.
"* * *
"As a condition for the reduction of this charge, the District Attorney would expect that you would testify at the trial of David Charles `Pinky' Ammons. Additionally, the District Attorney has indicated to me that he will write the judge a letter recommending that you be placed on supervised probation as a result of your cooperation in the Ammons trial."
An assistant district attorney stipulated that a copy of this letter was sent to the district attorney bearing the following notation:
"Dear [district attorney], I believe the above fairly well represents our agreement by phone on June 6, 1977, concerning the plea bargain in this case."
Both the defendant and his former attorney testified that the letter correctly embodied the terms of the plea bargain reached with the district attorney and that the district attorney's promise to recommend probation was a quid pro quo for defendant's guilty plea and agreement to testify truthfully at the trial of David Charles Ammons. They further testified that this understanding was also based upon conversations between the district attorney and the defense counsel, which the latter related orally to the defendant. Moreover, the defendant testified that he would not have entered a guilty plea if he had known that the district attorney would not recommend that he receive probation.
The district attorney presented no testimony or other evidence to controvert the defendant's evidence at the habeas corpus hearing. In brief the district attorney states that David Charles Ammons pleaded guilty to a reduced charge on June 24, 1977 and was sentenced to two years at hard labor on June 28, 1977. He argues that his promise to recommend probation was "conditional, unconfirmed," meaning that it was conditioned upon the defendant Neitte actually giving testimony at Ammons' trial, rather than being conditioned merely upon his agreement to testify. Thus, the district attorney contends that since he did not confirm his promise after Ammons pleaded guilty and before the defendant entered his guilty plea on September 30, 1977, Neitte should have known that he did not intend to recommend probation in his case.
Even if we could properly consider the factual statements in the district attorney's brief as evidence, they do not overcome the positive, uncontradicted testimony of the defendant and his former attorney that the district attorney's promise was given in return for Neitte's agreement to testify and that it was not subject to withdrawal upon Ammons' guilty plea. The district attorney's interpretation of the letter is not unreasonable, but there is no evidence to support it. Nor are the facts outside the record which the district attorney wishes us to consider inconsistent with the testimony of the defendant and his former attorney. It is entirely possible that the district attorney was willing to bargain for the defendant's mere agreement to testify in hopes that knowledge of the agreement would induce *427 Ammons to plead guilty. Accordingly, the sequence of the guilty pleas, even it was as represented in the district attorney's brief, does not conflict with the version of the plea bargain testified to by defendant's witnesses.
The only correct conclusion which may be reached from the record before us is that the district attorney either promised to recommend probation for the defendant in return for his guilty plea and mere agreement to testify against Ammons or led the defendant to reasonably believe this was the agreement. If Neitte had breached his agreement by refusing to testify he could not have expected the district attorney to comply with his part of the agreement. However, considering the information contained in the letter and the oral reports of his attorney, Neitte could not have expected reasonably that Ammons' guilty plea, which may have been induced by defendant's readiness to testify, would release the district attorney from his promise.
It is well settled that whenever a guilty plea rests in any significant degree on an agreement or promise by the prosecutor, so that it can be viewed as part of the inducement or consideration, such promise must be fulfilled. Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). The defendant was denied due process of law because the State failed to comply with the material representation or promise which induced the defendant's guilty plea.
Accordingly, the case is hereby remanded with instructions to the district court to vacate the defendant's guilty plea and sentence and allow him to reinstate his plea of not guilty.