423 So.2d 1111 (1982)
STATE of Louisiana
v.
Warren HAYES.
No. 82-KA-0369.
Supreme Court of Louisiana.
November 29, 1982.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Nathan Stansbury, Dist. Atty., Jack Derrick Miller, Asst. Dist. Atty., for plaintiff-appellee.
Charles Soileau, Rayne, for defendant-appellant.
CALOGERO, Justice.
Defendant, Warren Hayes, appeals his conviction as a second offender, and the imposition of a sentence of twenty four (24) years at hard labor.[1]
Defendant was charged by separate bills of information with three counts of simple burglary and one count of simple burglary of an inhabited dwelling in violation of La.R.S. 14:62 and La.R.S. 14:62.2, respectively. The crimes were alleged to have been committed within an inclusive two week period from mid-May to June 1, 1981. He pled not guilty to all charges. On September 24, 1981, he changed his plea to guilty on each count upon assurances made by the district attorney and communicated to him by his attorney that the state would agree to sentences on each count of four years, the sentences to run concurrently. Following his entry of the four guilty pleas, the trial judge did so sentence him.
Less than one month later, on October 19, 1981, the district attorney filed a bill of information charging that defendant was a second offender under La.R.S. 15:529.1, because of the four convictions of September 24, 1981, and the fact that they followed convictions on two counts of simple burglary on April 12, 1976. To the multiple offender bill the defendant chose to remain silent, and a plea of not guilty was entered on his behalf. The multiple offender charge came on for hearing on December 1, 1981. At the hearing defendant requested that he be allowed to withdraw his previous *1112 four guilty pleas of September 24, 1981, because (1) he was not advised that multiple offender proceedings would be instituted against him thereafter and because (2) he unknowingly and involuntarily pleaded guilty under the assumption that a plea bargain had been reached with the District Attorney's office by which he would receive a specified four year sentence.
The trial judge denied his motion to withdraw the guilty pleas, adjudicated the defendant a second offender, vacated the sentences earlier imposed and sentenced the defendant to serve a single twenty-four year sentence at hard labor.[2]
Defendant now appeals his twenty-four year sentence and presents three arguments. Hayes argues that the trial judge at the multiple offender proceeding erred in not allowing him to withdraw his four guilty pleas of a month before; erred in adjudging him a multiple offender on the basis of inadequately boykinized guilty pleas; and erred in imposing an insufficiently reasoned and excessive sentence.
Because we agree with his first contention, we reverse the conviction under La. R.S. 15:529.1, vacate the twenty four (24) year sentence, and remand the case to the district court for further proceedings.
An outset question is whether or not on appeal we may review the trial judge's refusal to permit withdrawal of the guilty pleas after the guilty pleas and initial sentence and before the hearing on the multiple offender bill, considering that La.C. Cr.P. art. 559 merely provides: "the court may permit a plea of guilty to be withdrawn at any time before sentence." We conclude that we may. We have permitted a constitutionally infirm guilty plea to be withdrawn after sentencing either by means of appeal or post conviction relief. State v. Galliano, 396 So.2d 1288 at 1289 (La.1981); State v. Banks, 383 So.2d 1009 at 1010 (La.1980); State ex rel. Clark v. Marullo, 352 So.2d 223 at 227 (La.1977). For instance in Galliano, supra, we upheld a trial court's decision to permit a plea of guilty to be withdrawn after sentencing because a mistake as to the minimum sentence to which the defendant was exposed precluded a voluntary and intelligent plea. Concerning the availability of this remedy after sentence had been imposed, we said at 396 So.2d 1289:
The reason for this exception in the context of guilty pleas was to insure that no person was deprived of his liberty merely because he failed to challenge the voluntariness of his plea within the limited period of time between the plea and sentencing.
We will, then, in this appeal from his December 1, 1981 multiple offender adjudication and sentence, consider the defendant's contention that his September 24, 1981 guilty pleas were not voluntarily given.
Turning to the issue before us, we find that the defendant Hayes should indeed have been allowed to withdraw his guilty plea when multiple billed by the district attorney, because the defendant justifiably believed when he pled guilty to the four charges, that he would not, for those four convictions, be exposed to any greater sentence than he originally received.
A guilty plea has been found to be constitutionally infirm when the state does not fulfill an express or implied part of the plea bargaining agreement which precipitated the defendant's decision to so plead. State ex rel LaFleur 416 So.2d 82 (La.1982); State v. Jones, 398 So.2d 1049 (La.1981); *1113 State v. Neitte, 363 So.2d 425 (La.1978); State ex rel. Clark, supra.
In LaFleur, supra the record supported the defendant's assertion that he would not have pleaded guilty to simple burglary and possession of a firearm had he known he would be ineligible for probation or parole under the firearms statute. The Jones guilty plea to attempted distribution of marijuana was allegedly induced in part by the state's promise that the defendant would receive no jail or prison time. After Jones was sentenced to five years imprisonment at hard labor and fined $7000, we set aside the sentence imposed and ordered a new sentencing hearing in part because the record on the plea bargain was deficient. Of the final disposition of the plea bargain question,[3] we said at 398 So.2d 1053:
If the new evidence supports the finding that defendant's plea of guilty was induced in part by a promise by the state of probation, or no jail or prison time, the plea bargain must be enforced. If there was no such plea bargain, but defendant justifiably believed there was, and pleaded guilty in part because of that justifiable belief, the guilty plea was not knowingly made and must be set aside, and defendant must be allowed to plead anew. (emphasis provided)
Therefore due process may be offended both when there is a promise and when the defendant justifiably believes that there is a promise, which is later broken.
A district attorney's promise to recommend probation formed the basis of Melvin Neitte's attack on his guilty plea to the charge of theft of property valued between $100 and $500. After Neitte entered his plea, the district attorney neglected to recommend probation as agreed and Neitte received a sentence of two years at hard labor. The record established that the district attorney had offered to recommend probation in return for the defendant's testimony at the trial of another offender. When the other defendant pleaded guilty, Neitte's testimony became unnecessary. The district attorney argued that the plea bargain was conditional. As the condition of testifying was not met, he did not have to follow through with a recommendation of probation for Neitte. This Court found otherwise and concluded at 363 So.2d 427:
It is well settled that whenever a guilty plea rests in any significant degree on an agreement or promise by the prosecutor, so that it can be viewed as part of the inducement or consideration, such promise must be fulfilled. Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). The defendant was denied due process of law because the State failed to comply with the material representation or promise which induced the defendant's guilty plea.
State ex rel. Clark, supra is most like the facts of the instant case, but with one twist. The Clark defendant was permitted to withdraw his guilty plea after sentencing and thereafter complained that the trial court should not have set it aside. In February 1975, Clark was charged with armed robbery to which in March of the same year he pleaded guilty and was sentenced to five years at hard labor. Soon thereafter he learned that, contrary to a plea bargaining agreement, the state intended to charge him as a multiple offender. The trial court allowed Clark's guilty plea to be withdrawn and set aside because of the broken agreement. Subsequently he was found guilty by a jury and then sentenced as a multiple offender to thirty-three (33) years at hard labor. While his appeal was pending, Clark filed a motion challenging the district court's authority to have set aside his original guilty plea and sentence. In response to his writ application, we affirmed the trial court's determination that the withdrawal of the guilty plea after sentencing was proper because of the broken plea bargain (not to multiple bill). Therefore his later prosecution and 33 year enhanced sentence was valid.
*1114 It is well settled then that when a guilty plea is induced by a plea bargain or by what a defendant justifiably believes is a plea bargain, and that bargain is not kept, defendant is denied due process of law because the guilty plea was not freely and knowingly given.
The remaining question then is whether this defendant Hayes was induced to plead guilty by a promise or what he justifiably believed was a promise on the part of the district attorney not to institute multiple offender proceedings against him, nor to take any steps to expose him to sentences in excess of the agreed-upon four-year concurrent terms. We find that he was so induced.
From the record, it is clear that Hayes was concerned first and foremost about the jail sentence that he would receive in return for his plea of guilty. His attorney testified at the hearing on the motion to withdraw the guilty pleas:
The one thing Mr. Hayes was interested in was "is four years all I'm going to get." And I told him yes, that's it; that's all you're going to get. And of course he went along with it with that view in mind, that that was all the time he was going to get. I might add this too: I would never have suggested to him that he accept four years on this charge if I had any idea at all that the District Attorney would later institute these proceedings under the Habitual Offender Law.
The state argues that since there was never any overt discussion or agreement between the defendant and the district attorney concerning future habitual offender proceedings, there was no inducement or promise by the district attorney in order to obtain the pleas from the defendant. The defendant's attorney did testify that "there was never any specific agreement. Mr. Miller never said we will not proceed against him under the Habitual Offender Law." The attorney continued, however: "Just from my past experience with the D.A.'s office, that if you reach a plea bargain agreement and they are in full awareness of the prior record of the defendant that they do not institute these proceedings. [sic]"
The district attorney's office was fully aware of the defendant's prior record at the time they negotiated the plea of guilty. Of the negotiations, defense counsel testified, "[W]e discussed what evidence supposedly the State had. We discussed the prior record of the defendant; and with those things in mind, we arrived at an agreement, at a plea bargain, that the defendant would receive four years on each count to run concurrent, credit for time served. [sic]"
At the entry of the guilty pleas and sentencing hearing, the plea bargaining agreement was brought to the court's attention:
BY THE COURT:
Now, is this plea which you now offer to make a free and voluntary plea?
BY THE DEFENDANT:
Yes, sir.
BY THE COURT:
Has your attorney discussed this in the attorney's office any joint recommendation to be made to the Court in respect to this plea? [sic]
BY THE DEFENDANT:
Yes sir.
BY THE COURT:
O.K. What would be the joint recommendation?
BY MR. BERTRAND:
We have agreed to a sentence of four (4) years being charged with the sentences to run concurrently. [sic]
BY THE COURT:
Do you recommend this as well, Mr. D.A.?
BY MR. FOREMAN:
Yes, your honor.
The Court accepted the defendant's plea of guilty and, upon the defendant's waiver of the delay, sentenced Hayes accordingly.
BY THE COURT:
I will accept the recommendation jointly made by the State and District Attorney's office and by the defense counsel and in accordance therewith, I will sentence you to be confined to hard labor for *1115 a period of four (4) years on each of these matters, in the custody of the Louisiana Department of Corrections, each sentence to be concurrent with every other sentence, that would be, four (4) years then gentlemen in 34,574; and four (4) years in 34,604; and four (4) years in 34,605; and for (4) years in 34,608, all concurrent each with the other. All at hard labor.
There was an express agreement that, upon entry of the guilty plea, the district attorney would recommend four four-year concurrent sentences. Conceding that a bargain was reached between the defendant and the district attorney with both sides knowing that Hayes had a record that could expose him to multiple offender prosecution, it is either at best implicit in the deal promised that they would not multiple bill Hayes or at worst a most reasonable assumption on Hayes' part when he decided to plead guilty that four years was all he was going to receive.
We therefore find that there was either an implied promise on the part of the district attorney not to multiple bill or otherwise expose Hayes to more than four years, or a justifiable belief in that regard on the part of the defendant; and, in any event, we find that the defendant's pleas were induced by that assumption, however mistaken it may have turned out.
Under these circumstances, we cannot permit his conviction as a multiple offender to stand since it resulted in his receiving a twenty four instead of the four year jail sentence.

DECREE
Accordingly we reverse defendant's adjudication as a second felony offender and vacate his sentence of twenty four years. We remand the case to the district court for its decision, after a contradictory hearing, in light of the circumstances of the case, whether due process requires (a) that there be specific performance of the plea bargain or (b) that the defendant be tried on the four charges.[4] In the event the circumstances require that the defendant only be allowed to withdraw his guilty pleas, he will be permitted to go to trial with a different judge presiding.
REVERSED AND REMANDED.
MARCUS, J., dissents and assigns reasons.
BLANCHE and WATSON, JJ., dissent for reasons assigned by MARCUS, J.
MARCUS, Justice (dissenting).
Plea bargaining "must have explicit expression and reliance and is measured by objective, not subjective, standards...." Johnson v. Beto, 466 F.2d 478 (5th Cir.1972). The record must indicate that a bargain was made in reference to the multiple offender charge in order to come within the principles of Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); otherwise, there would be no bargain to enforce. Even absent a plea bargain as to double billing, defendant should be able to withdraw his guilty pleas on the ground that they were not knowingly made if he is able to show that he justifiably believed that there was such a bargain, that is, that he would not be double billed, and that he pleaded guilty in part because of that justifiable belief. If the record supports neither of these conclusions, that is, that there was an actual plea bargain or a justifiable belief in a bargain not to multiple bill, then the sentence resulting from multiple billing should be maintained.
I do not consider that double billing was part of the plea bargain in this case nor that defendant was justified in believing that it was part of the plea bargain. Hence, I would affirm his conviction and sentence. Even if a remand for another hearing was considered necessary, the alternate results should be based on the principles set forth above. State v. Jones, 398 So.2d 1049 (La.1981); Scrivens v. Henderson, 525 F.2d 1263 (5th Cir.1976).
I respectfully dissent.
NOTES
[1] R.S. 15:529.1 provides pertinently that the sentence for a given crime committed by a second offender shall be for a determinate term not less than one-third the longest time and not more than twice the longest time prescribed for a first conviction for the same offense.
[2] In imposing the sentence, the trial judge remarked:

The Court finds that the defendant is a multiple offender. As I understand, even though there were four charges when you pled guilty, that's one. And when you pled on the other two, that's one. Actually, he's very fortunate... Here he has committed six burglaries, including one inhabited dwelling, and all he gets is four years. I'm going to change that. I'm going to recall the last sentence imposed of four years at hard labor in custody of the Department of Corrections, and in accordance with 15:529.1 as a second offender sentence him to twenty-four (24) years at hard labor in custody of the Department of Corrections. You have to learn, Mr. Hayes, that the property of others is not yours and you can't take it. Thank you.
[3] In Jones, we found also that the sentence was excessive, so resentencing was required in any event.
[4] In State v. Chalaire, 375 So.2d 107 (La.1979), we afforded the defendant a similar remedy when the sentencing judge cancelled a plea agreement without a contradictory hearing, and without giving the defendant an opportunity to withdraw his guilty plea.