KNOLL, Judge.
Defendant, Marcia Porter Gay, was indicted for second-degree murder, a violation of LSA-R.S. 14:30.1. Pursuant to a plea bargain, defendant pleaded guilty to manslaughter, a violation of LSA-R.S. 14:31, with the understanding that the maximum penalty the sentencing court could impose was twenty-one years at hard labor, the penalty under the manslaughter provision. At sentencing, the court imposed upon defendant two enhanced penalties: five years at hard labor under LSA-C.Cr.P. Art. 893.1, without benefit of probation, parole or suspension of sentence; and two *71 years at hard labor under LSA-R.S. 14:95.-2, to run consecutive to the five years, without benefit of parole, probation, suspension of sentence or credit for good time. Defendant appeals, urging two assignments of error:
(1) The trial court imposed an illegal sentence by applying two different enhanced penalty statutes to a single offense; and
(2) The sentence imposed by the trial court constitutes double jeopardy, in violation of U.S. Const. Amendments 5, 14 and LSA Const. Art. 1 § 15, since defendant received multiple punishments for a single offense.
We affirm defendant’s conviction, but vacate defendant’s sentence, finding the imposed sentence was not part of the plea bargain. Finding that defendant’s sentence breached the plea bargain, we preter-mit all other issues.
The sole issue presented is whether the trial court erred in sentencing defendant under two enhanced penalty statutes, without allowing defendant the opportunity to withdraw her plea, when the plea bargain agreement provided that defendant’s sentence would be imposed under the penalty provision for manslaughter.
The law is well settled that whenever a guilty plea rests in any significant degree on an agreement or promise by the prosecutor, so that it can be viewed as part of the inducement or consideration, the promise must be fulfilled or the defendant given an opportunity to withdraw his guilty plea. Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); State v. Bosworth, 415 So.2d 912 (La.1981); State v. Lockwood, 399 So.2d 190 (La.1981); State v. Chalaire, 375 So.2d 107 (La.1979); State v. Neitte, 363 So.2d 425 (La.1978). The state’s failure to comply with a material representation or promise which induced defendant’s guilty plea results in a denial of due process. State v. Bosworth, supra; State v. Neitte, supra.
In the present case, when defendant tendered her guilty plea on November 23, 1983, pursuant to a plea bargain, a document entitled “Exhibit A”, which consists of questions propounded to defendant, clearly reflects her understanding of the maximum penalty of twenty-one years at hard labor. In question number three: “Do you understand that the maximum penalty for the crime with which you are charged is 21 yrs?”, the State filled in the blank “21 yrs.” She responded affirmatively. The document fails to mention and/or inquire about enhanced penalties. After answering all of the questions under oath, defendant and the trial judge affixed their signatures to the document.
In addition to the abovementioned document, in the thorough Boykinization of defendant by the trial court, it again reviewed with defendant the maximum penalty under the manslaughter provision, as follows:

“The COURT:

... Now, then let me say this. The offense of manslaughter calls for imprisonment at hard labor for not more than twenty-one years as the maximum, of course. It could be less, and in your case, as I understand the recommendation by your Counsel and by the District Attorney, that the Court will ask for a pre-sentence investigation, which will be made by the probation officer of the Department of Corrections, and then as soon as that is received, either I, or whichever judge happens to be on the bench at that time, will have you come back for sentencing and will impose a sentence based on what the judge thinks is appropriate under the circumstances.

As I say, it could be a maximum of twenty-one years in the penitentiary, could be less. But you’re not guaranteed anything. Do you understand?

THE DEFENDANT:

Um hum.

THE COURT:

All right. Now, then, I take it that you do understand the nature of the charge to which you wish to plead guilty, and that it is a felony offense 
*72
which could result in up to twenty-one years at hard labor in the penitentiary. Is that correct?

THE DEFENDANT:

Yes, sir.”

The enhanced penalty statutes were never mentioned during this stage of the proceedings. The record clearly reflects that the defendant was led to believe that she would be sentenced under the provisions of the manslaughter statute.
At the sentencing hearing, to the surprise of defendant and her counsel of record, the State moved to have defendant sentenced under R.S. 14:95.2 and C.Cr.P. Art. 893.1, since defendant used a firearm in commission of the crime. The State unilaterally altered the plea bargain agreement to impose enhanced penalties. The sentencing court stated that this was the first time both statutes were brought before it and that it intended to impose a sentence of seven years at hard labor regardless of the enhanced penalty statutes; however, because of the statutes, it felt compelled to sentence defendant to a minimum of seven years — five years without benefit of probation, parole, or suspension of sentence under C.Cr.P. Art. 893.1 and two years without benefit of parole, probation, suspension of sentence or credit for good time under R.S. 14:95.2, to be served consecutively.
Defendant was not sentenced under the manslaughter penalty in accordance with the plea bargain agreement nor was she given the opportunity before sentencing to withdraw her guilty plea. Since defendant was never informed of the possibility of enhanced penalties, she was never fully informed of the consequences of her guilty plea. Under these circumstances, the sentencing court must give defendant the opportunity to withdraw her guilty plea.
We find that the imposed sentence breached the plea bargain, therefore, defendant’s sentence is set aside.
DECREE
For the foregoing reasons, the conviction of defendant, Marcia Porter Gay, is affirmed. Defendant’s sentence is vacated and set aside and the case is remanded to the district court for re-sentencing under LSA-R.S. 14:31 in accordance with the terms of the plea bargain agreement.
CONVICTION AFFIRMED, SENTENCE VACATED, CASE REMANDED FOR RE-SENTENCING.