KING, Judge.
The issue presented by this appeal is whether or not the trial court erred in sentencing defendant to fifteen (15) years at hard labor without taking into consideration the sentences received by other co-defendants, which defendant alleges formed part of the consideration for his plea of guilty as part of a plea bargain agreement.
Defendant pled guilty to the charge of attempted armed robbery in a plea bargain made with the trial judge and the State. Defendant was sentenced, the sentence not exceeding the maximum time agreed to in the plea bargain. Defendant timely appeals his sentence claiming that the trial judge imposed sentence without considering the sentences given to co-defendants, which the defendant claims was part of the plea bargain. We affirm.
FACTS
On August 27, 1984, Glenn Norbert (hereinafter referred to as defendant) was charged by Bill of Information with armed robbery, in violation of LSA-R.S. 14:64. A plea bargain agreement was reached between defendant and his retained counsel with the district attorney’s office and the trial judge[1] by which it was agreed that, in exchange for defendant pleading guilty to a reduced charge of attempted armed robbery, he would receive no more than a maximum fifteen year prison sentence,[2] and that the State would not charge the defendant as a multiple offender. The record reflects that the trial judge agreed to this plea bargain and that the State made no other sentence recommendations. The record further shows that, at the time the defendant pled guilty and was advised of the legal rights he was waiving by his guilty plea, the trial judge reviewed on the record the terms of the plea bargain, as set forth above, and asked the defendant: “Other than the plea bargain have there been any promises made to you to get you to plead guilty?”, to which the defendant under oath answered, “No.”
On March 20, 1985, defendant, after being properly Boykinized, pled guilty to the charge of attempted armed robbery. The trial court accepted his plea and ordered a pre-sentence investigation and report. On August 6, 1985, the trial court sentenced defendant to serve fifteen years at hard labor in the custody of the Department of Corrections with credit given for time already served. The record reflects that the presentence report was reviewed and considered by the trial judge and defense counsel prior to the time of sentencing. The presentence report reflected that the defendant had a lengthy history of criminal activity, including both felonies and misdemeanors, extending over a long period of time.
Defendant now appeals the sentence and alleges in his only assignment of error that the trial court erred in sentencing him to fifteen years at hard labor without taking into consideration the sentences received by his other co-defendants, despite the fact *340 that such agreement was part of the plea bargain.
ASSIGNMENT OF ERROR
Whenever a guilty plea rests in any significant degree on a promise or agreement of the court or the prosecutor, so that it can be said to be part of the inducement or consideration for the guilty plea, such a promise must be fulfilled. Santo-bello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); State v. Bosworth, 415 So.2d 912 (La.1981); State v. Gay, 463 So.2d 70 (La.App. 3rd Cir.1985); State v. Deville, 457 So.2d 864 (La.App. 3rd Cir.1984). Otherwise, the guilty plea is constitutionally infirm since it lacks the neces sary affirmative showing that it was intelligently and voluntarily entered. State v. Hayes, 423 So.2d 1111 (La.1982); State v. Louis, 446 So.2d 822 (La.App. 2nd Cir.1984).
The record is completely devoid of any evidence of any agreement by the trial judge or district attorney’s office that the trial judge would consider the sentences received by other co-defendants before imposing sentence on the defendant; nor is there anything in the record to support defendant’s claim that he relied on such an agreement when he pled guilty to the reduced charge of attempted armed robbery. In fact there is no evidence in the record that there was to be a consideration by the trial judge of the sentence given to co-defendants’ before sentencing of the defendant, or that it was even discussed prior to the sentencing of defendant. All that is contained in the record is defense counsel’s statement at the time of sentencing, that:
“Mr. Norbert pled guilty on the conditions that he receive no more than fifteen years — that was a condition. We felt at the time that some consideration would be given to the respective sentences of the other parties involved.” (Emphasis added.)
Such sentiment or expectation by the defendant is not equivalent to a condition of a plea bargain which, if violated, would vitiate the voluntariness of a guilty plea. See State ex rel. Turner v. Maggio, 463 So.2d 1304 (La.1985), stay granted 466 So.2d 25 (La.1985).
The record establishes only that the trial court agreed that it would put a fifteen year maximum or “cap” on the possible sentence that defendant could receive and that the State agreed not to multiple-bill the defendant in exchange for the defendant’s guilty plea to a reduced charge. The record reflects that nothing more was promised to the defendant by the district attorney’s office or the trial judge at the time defendant’s guilty plea was made and accepted and that the defendant agreed to those conditions and indicated to the court that nothing more was promised to him as part of the plea bargain.
Defendant does not claim that the trial court failed to properly follow the sentencing guidelines or to articulate its reasons for its sentence, nor does he contend that the sentence imposed is unconstitutionally excessive. In fact, we would not entertain a complaint of excessiveness of sentence since the sentence actually imposed falls within the maximum limitation bargained for and agreed upon. State v. Moss & Goodman, 438 So.2d 1283 (La.App. 3rd Cir.1983), writ den. State v. Goodman, 443 So.2d 588 (La.1983). Rather, the defendant alleges only that the trial judge failed to consider the sentences imposed on other co-defendants before sentencing him.
There is nothing in the law that requires that the trial court treat co-defendants equally when sentencing them. However, this does not mean that disparity of sentences of co-defendants may not be considered as a factor in determining whether a sentence is excessive and out of proportion to the severity of the crime. It is only a factor to be considered along with all other appropriate considerations when there is no reasonable basis in the record for the disparity. State v. Quimby, 419 So.2d 951 (La.1982). In the instant case, review of the record does in fact clearly establish that the trial court followed the statutory guidelines and articulated reasons in sentencing defendant and, since the *341 record in no way establishes that the trial court’s consideration of co-defendants’ sentences before sentencing defendant formed any part of the inducement ot defendant’s guilty plea, this assignment of error is without merit.
For the foregoing reasons, the defendant’s conviction and sentence are affirmed. All costs of this appeal are taxed to the defendant.
AFFIRMED.

. The record reflects that the tria judge participated in the plea bargain agreement.

. Attempted armed robbery normallyc arries a maximum penalty of forty-nine and one-half (49-1/2) years. LSA-R.S. 14:27; LSA-R.S. 14:64.