LABORDE, Judge,
dissenting.
I do not agree that a direct breach of the plea bargain agreement occurred. This case is distinguishable from Santobello, where the State clearly violated a plea bargain agreement by recommending in court that the defendant be given the maximum sentence. In the case at bar, no sentence recommendation was made in open court. Nor did the pre-sentence investigation report contain a recommendation of a determinate sentence. The assistant district attorney merely recommended that more than token imprisonment was warranted under the circumstances. In fact, the record clearly shows that defendant was on notice at the plea colloquy that the trial judge was of the mind to impose a prison sentence. During the reading of the “Waiver of Constitutional Rights and Plea of Guilty” form, the following dialogue took place.
“THE COURT:
I understand the nature of the charge. It is a felony offense and to the nature of the charge, I would think that it more probably than not will result in a penitentiary sentence.
THE DEFENDANT:
Yes, sir.
THE COURT:
Although the form says could result in a penitentiary sentence if I am guilty thereof. I am also aware of the minimum and maximum sentences provided therefor by law. There’s no minimum and there’s up to a 21-year maximum. Do you understand that?
THE DEFENDANT:
Yes, sir.” [Emphasis Added]
I am not persuaded that the assistant district attorney’s comments were an attempt to circumvent the plea bargaining agreement. The trial judge made it clear that he based his sentence on other considerations. There is also no evidence that the agreement not to recommend a sentence in the case at bar was a major factor in the guilty plea negotiations such that the plea rested on fulfillment of the agreement. Unlike State v. Neitte, 363 So.2d 425 (La.1978), it is not clear that the recommendation caused a change in situation for the defendant. In Neitte, a plea bargain reduced a simple robbery charge to theft, with representations that a recommendation for a suspended sentence would be made in return for the guilty plea and testimony *547 against a co-conspirator. The prosecutor failed to recommend probation and the defendant was sentenced to two years at hard labor. The court in Neitte found that “the defendant was denied due process of law because the State failed to comply with the material representation or promise which induced the defendant’s guilty plea.” 363 So.2d at 427.
*546 “THE COURT:
In any event, I didn’t — The Court only considered what was in the presen-tence investigation with regard to those items that I felt were salient and important. I don’t know that I ever gave any weight to [the assistant district attorney’s] comments.”
*547 In Neitte, any sentence of imprisonment was clearly at odds with what the defendant expected the probation recommendation to accomplish. In the instant case, defendant cannot show that, in the absence of the assistant district attorney’s comments, his sentence would have been any different, especially in light of the ambiguity of the recommendation and the trial judge’s comments.
It appears that defendant is simply unhappy with the sentence he has received. A defendant’s dissatisfaction with the sentence received is not grounds for the withdrawal of a guilty plea. State v. Robinson, 311 So.2d 893 (La.1975); State v. Johnson, 260 La. 902, 257 So.2d 654 (1972). In the instant case, defendant was fully informed of the consequences of his plea which was given freely and knowingly. Defendant pleaded guilty to reduce his potential imprisonment from life to 21 years for shooting and killing an unarmed man. Defendant had previous narcotics arrests and a conviction, as well as a conviction for battery on a police officer. He received a medium range sentence that is supported by the record. Thus, under the particular facts of this case, I do not believe that the trial judge abused his broad discretion in refusing to allow defendant to withdraw his plea.
For these reasons, I respectfully dissent.