DOMENGEAUX, Chief Judge.
The defendant, Jason Haislip, and Johnny Beatty were charged with armed robbery, a violation of La.R.S. 14:64. Haislip entered a plea of not guilty on May 4,1990. He filed a Motion to Enforce Plea Agreement on January 24, 1991, which motion was denied for prematurity. On July 17, 1991, Haislip withdrew his not guilty plea and entered a plea of guilty to armed robbery. At this time, he reurged his Motion to Enforce Plea Agreement. A presen-tence investigation report was ordered, with sentencing being set for October 4, 1991. Before imposing sentence on the defendant, the court entertained another hearing on the defendant’s Motion to Enforce Plea Agreement. The court held that Haislip had been promised a concurrent sentence; however, the court also found that no representations were made with respect to the length of the sentence. The trial judge then sentenced the defendant to 50 years at hard labor, without benefit of probation, parole or suspension of sentence, to run concurrently with a previous sentence imposed for an armed robbery in the State of Texas. Defendant now appeals his conviction and sentence, assigning as errors failure to comply with the guidelines of La.C.Cr.P. art. 894.1, excessiveness of sentence, and breach of the plea bargain agreement.
FACTS
The defendant, Jason Haislip, and Johnny Beatty were charged with an armed robbery which occurred at the Peoples State Bank in Toledo Bend. Two other individuals, Ricky Limbrick and Roy Lee Johnson, a/k/a Roy Chester McDaniel, *1316 were also involved in the crime. Haislip contended at the first hearing on the Motion to Enforce Plea Agreement that Assistant District Attorney Elizabeth Pickett offered him a sentence from five to ten years to run concurrently with his Texas sentence in exchange for his testimony against the codefendant, Johnny Beatty. Steven Thomas, Haislip’s counsel, testified at the first hearing that after the mistrial of Beatty, Pickett extended the same offer in exchange for defendant’s testimony at the retrial of Beatty. Pickett testified at the second hearing that she did not remember offering a five to ten year sentence, but she did promise a recommendation for a concurrent sentence.
Pickett resigned as assistant district attorney to become a district judge, and District Attorney Don Burkett took over Hais-lip’s case. Thomas testified that on October 1, 1990, Burkett offered a maximum ten year sentence in exchange for defendant's testimony. However, Thomas contended Burkett informed him on November 30, 1990 that the previous deal was no longer available and that a maximum 20 year sentence was offered instead. At the second hearing, Burkett denied making the alleged offer of October 1, 1990, and he did not recall agreeing to recommend a maximum sentence of 20 years. Burkett testified that he may have alluded that he would have gone along with a sentence “in the neighborhood of 20 or more years.”
Following the testimony at the second hearing on the Motion to Enforce Plea Agreement, the trial judge concluded there was adequate evidence of an offer of a sentence to run concurrently with the sentence imposed in Texas. However, the judge concluded the evidence was inadequate to support the defendant’s allegation of an offer of a specific sentence. The court then sentenced the defendant to serve 50 years at hard labor.
ASSIGNMENT OF ERRORS NOS. 1 THROUGH 3
The defendant contends the trial court erred in failing to consider the guidelines of La.C.Cr.P. art. 894.1, in failing to state for the record the considerations taken into account and their factual basis, and in imposing an excessive sentence. Because all of these assignments of error relate to the same issue, we will consider them together.
It is not necessary for the sentencing judge to articulate every criteria of La.C.Cr.P. art. 894.1; however, the record must reflect that the court adequately considered them in particularizing the sentence to the defendant. If the record contains an adequate factual basis for the sentence, the trial court’s failure to articulate every circumstance listed in article 894.1 will not necessitate a remand for a resentencing. State v. Cottingin, 476 So.2d 1184 (La. App.3d Cir.1985), appeal after remand, 496 So.2d 1379 (La.App.3d Cir.1986); State v. Morgan, 428 So.2d 1215 (La.App.3d Cir.1983), writ denied, 433 So.2d 166 (La.1983).
Although the judge did not orally recite the considerations for sentence imposed, the court filed written reasons for judgment into the record. The written reasons are as follows:
Before the Court for sentencing is a 24 year old male who entered a plea of guilty on July 17, 1991 to the offense of Armed Robbery in violation of LSA— R.S. 14:64. A pre-sentence investigation was ordered and the report reviewed by the Court in light of the sentencing provisions of C.Cr.P. Art. 894.1 to arrive at the sentence imposed herein. The defendant entered his plea of guilty to the May 7, 1989 robbery of Peoples State Bank while armed with a small caliber semi-automatic pistol. While the identity of the other perpetrator in this offense is still judicially undetermined, it is clear that the defendant herein held Ira Joe Key and Ruth Conley at gunpoint while the other assailant gathered the cash amounting to approximately $6,500.00. Of particular note in the pre-sentence report is the fact that although this defendant is technically classified as a first-felony offender, at the time of his arrest *1317 on May 8, 1990, the defendant was serving a 20-year hard labor sentence in the Texas Department of Corrections for another bank robbery.
The pre-sentence investigation report notes that this defendant has no legitimate affiliation to the area in Texas where he was residing at the time of the perpetration of these armed robberies. Further, the defendant’s only legitimate employment was his term of service in the U.S. Army from 1985 to 1988. The defendant has no dependents or anyone else who is depending upon him for support. Consequently, the sentence imposed herein will not work an undue hardship on anyone other than the defendant. In reviewing specifically the provisions of C.Cr.P. Art. 894.1 the Court finds that none of the twelve (12) sub-parts of paragraph B apply or, are of such little weight that they do not justify a lesser sentence than the one imposed herein. Specifically, the Court finds that there is an undue risk that during the period of a suspended sentence or a lesser sentence than the one actually imposed, that the defendant would commit another crime, that the defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by commitment to an institution and a lesser sentence than the one imposed herein would deprecate the seriousness of this crime. In arriving at this sentence, the Court has specifically reviewed the following cases: State v. West, 561 So.2d 808 (La.App.2d Cir.1990), [writ denied, 566 So.2d 983 (La.1990)]; State v. Guillory, 544 So.2d 643 (La. App.3d Cir.1989), [writ denied, 551 So.2d 1334 (La.1989) ].
It is the sentence of the Court that the defendant, Jason Lazare Haislip, be confined to the Louisiana Department of Corrections at hard labor for a period of fifty (50) years without benefit of probation, parole or suspension of sentence, this sentence to run concurrently to any previously imposed sentence. In accordance with the provisions of C.Cr.P. Art. 930.8, the defendant is hereby advised that in addition to his other appellate rights, he has three (3) years from this date to apply post-conviction relief.
It is clear from the written reasons that the judge considered the guidelines of La. C.Cr.P. art. 894.1 and stated a factual basis for the considerations. The judge also reviewed the information contained in the presentence report.
The defendant also complains of the excessiveness of the sentence. The defendant’s sentence of 50 years at hard labor is approximately one-half the maximum term of imprisonment of 99 years for armed robbery. La.R.S. 14:64. The imposition of an excessive sentence is prohibited by both the State and Federal Constitutions. La. Const, art. 1 § 20, and U.S. Const. Amendment 8. The imposition of a sentence, although within the statutory limits, may violate a defendant’s constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979). Generally, a sentence is considered excessive if it is grossly disproportionate to the severity of the crime, or is nothing more than needless imposition of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock the sense of justice. State v. Reed, 409 So.2d 266 (La.1982).
The judge noted that Haislip was the person who held the robbery victims at gunpoint and that at the time of his arrest, he was serving a 20 year sentence in Texas, also for armed robbery. The defendant’s only employment was from 1985 through 1988 in the U.S. Army. The defendant has no dependents who would suffer hardship from his incarceration. The judge concluded the mitigating factors of La. C.Cr.P. art. 894.1 B do not apply or do not justify a lesser sentence. The judge concluded that a lesser sentence would deprecate the seriousness of the offense, that there existed an undue risk the defendant *1318 would commit another crime if the sentence was suspended or lessened, and that the defendant is in need of correctional treatment in a custodial environment. The defendant also benefited from his plea bargain by receiving a sentence to run concurrently with the sentence imposed in Texas.
Considering the factors cited by the trial judge, we find the 50 years sentence is not excessive.
These assignments of error have no merit.
ASSIGNMENT OF ERROR NO. 4
The defendant contends the State breached a plea agreement by failing to recommend a sentence between five and ten years to run concurrently with the sentence imposed in Texas. The trial court found that the defendant proved only an offer of a concurrent sentence with no specific recommendation as to its length.
At the first hearing on defendant’s Motion to Enforce Plea Agreement, Haislip and his attorney, Steven Thomas, testified concerning the plea negotiations with the district attorney’s office. Haislip contends that he testified at the trial of codefendant Beatty in exchange for an agreement that the sentence he would receive for his participation in the crime would range between five and ten years. Haislip testified that this agreement, made with Assistant District Attorney Elizabeth Pickett, was reached in Pickett's office with Pickett, Haislip and public defender William Dyess present. However, Dyess was not called to testify at the hearing nor did the defendant introduce any affidavit executed by Dyess stating that he witnessed such an agreement. Haislip testified at Beatty’s trial, which ended in a mistrial, and he was subsequently told that the district attorney’s office was no longer willing to offer a maximum ten year sentence.
Steven Thomas, the defendant’s attorney, also testified at the first hearing on the Motion to Enforce Plea Agreement. Thomas stated that he was not privy to the agreement reached between Haislip and Pickett before the trial of Beatty. Thomas testified that in a telephone conversation with Pickett about the possibility of a second trial for Beatty, Pickett offered a five to ten year sentence to run concurrently with the 20 year sentence imposed in Texas.
On October 1, 1990, Pickett resigned as assistant district attorney after election to a district judgeship. Thomas testified at this point he contacted District Attorney Don Burkett, who also offered a sentence with a maximum ten year cap. However, Thomas testified that on November 30, 1990, Burkett informed him that the previous offer of a ten year cap was withdrawn and a maximum of 20 years in exchange for defendant’s plea of guilty was offered. Thomas stated he filed the Motion to Enforce Plea Agreement because the defendant had incriminated himself by testifying at Beatty’s trial in reliance on the promise of a sentence of five to ten years.
The trial judge denied Haislip’s Motion to Enforce Plea Agreement as being premature. The judge stated the defendant had to testify a second time in order to complete his part of the bargain.
The record does not reveal whether or not a second trial of Beatty was held, and if so, whether the defendant testified. However, the defendant entered a plea of guilty to armed robbery on July 17,1991. At that time, the defendant’s attorney, Thomas, informed the court that the defendant wished to reurge his Motion to Enforce Plea Agreement. The defendant was informed of his rights by the trial judge. The judge also informed the defendant that the plea of guilty had nothing to do with the sentence to be imposed. After informing the defendant of the minimum and maximum statutory penalties for armed robbery, the trial judge accepted the defendant’s guilty plea and ordered a presentence investigation report. The judge also set a hearing at the time of sentencing to once again consider the defendant’s Motion to Enforce Plea Agreement.
On October 4, 1991, a sentencing hearing was combined with the second hearing on *1319 the existence of the plea bargain. At this hearing, Elizabeth Pickett, former assistant district attorney and currently a judge, testified that she did have a conversation with the defendant and Mr. Dyess; however, she only offered a concurrent sentence, and she did not recall promising a sentence with a specific length. Pickett stated she did not recall a telephone conversation with Thomas where she offered a five to ten year sentence in exchange for Haislip’s testimony at Beatty’s second trial. District Attorney Don Burkett testified that he may have “alluded to the fact that I would go along with something in the neighborhood of twenty or more years,” but Burkett maintained he did not promise a specific sentence. The defendant’s attorney, Thomas, asked that his testimony at the first hearing be considered at the second hearing.
The judge concluded that Haislip had been promised a concurrent sentence; however, he found that a sentence with a specific length was not part of the plea agreement. The judge sentenced the defendant to 50 years at hard labor to run concurrently with the 20 year sentence imposed in Texas.
In State v. Gay, 463 So.2d 70 (La.App.3d Cir.1985), this court discussed the binding effect of a plea agreement:
The law is well settled that whenever a guilty plea rests in any significant degree on an agreement or promise by the prosecutor, so that it can be viewed as part of the inducement or consideration, the promise must be fulfilled or the defendant given an opportunity to withdraw his guilty plea. Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); State v. Bosworth, 415 So.2d 912 (La.1981); State v. Lockwood, 399 So.2d 190 (La.1981); State v. Chalaire, 375 So.2d 107 (La.1979); State v. Neitte, 363 So.2d 425 (La.1978). The state’s failure to comply with a material representation or promise which induced defendant’s guilty plea results in a denial of due process. State v. Bosworth, supra; State v. Neitte, supra.
In the instant case, the trial court found that a specific sentence was never offered to the defendant. The court concluded that the agreement reached between the defendant and Pickett and later Burk-ett included only the promise of a concurrent sentence with no maximum cap. The evidence adduced at the two hearings supports the trial court’s findings. Pickett testified that she did have a conversation with the defendant wherein she offered a concurrent sentence in exchange for his testimony; she did not recall offering a sentence with a maximum cap of five to ten years. Pickett and Haislip both testified that public defender Dyess was present during this conversation; however, Dyess was not called to testify concerning the conversation, nor did he execute an affidavit stating his recollection of the contents of the agreement.
Presented with a swearing match, the trial judge resolved the conflicting evidence as to the promise of a recommendation of a specific sentence against the defendant. Factual determinations and evaluations of the credibility of witnesses are matters within the discretion of the trial court and should not be disturbed absent an abuse of discretion. State v. McSpaddin, 341 So.2d 868 (La.1977); State v. Simms, 465 So.2d 769 (La.App.5th Cir. 1985). The testimony of Dyess would have strengthened the contention of either the defendant or the State, depending upon the contents of his testimony; however, neither side called Dyess to testify. We find no abuse of discretion in the trial court’s conclusion that no plea agreement existed as to the length of the sentence to be imposed.
The trial court’s conclusion that there was no agreement as to a specific sentence does not end the inquiry. In State v. Dixon, 449 So.2d 463 (La.1984), the Louisiana Supreme Court held that even where no agreement exists but the defendant justifiably believes that an agreement exists and pleads guilty because of that belief, the guilty plea must be set aside *1320 because it was not knowingly made. However, in the instant case, the defendant’s own statements indicate he entertained some uncertainty as to contents of the plea agreement. At the sentencing hearing, the following colloquy occurred between the defendant and the trial judge:
THE COURT:
All right. Now, there has not been anything said at this time regarding sentence. I understand that part of your plea bargain that you felt like your sentence would be ten (10) years to run concurrently with the time you have to do in Texas, which is also ten (10) years.
MR. THOMAS:
Twenty (20) years.
THE COURT:
Twenty (20) years. And that is your contention. But, what I want to get on the record here at this time, that is, I think you testified this at trial, as far as you were concerned at this stage, you didn’t have a deal on sentence, did you?
THE DEFENDANT:
No sir.
THE COURT:
By tendering a plea guilty you give up—
MR. THOMAS:
Your Honor, pardon me. That may be his understanding, but that’s not my understanding.
THE COURT:
I understand, Mr. Thomas. That’s what he testified to at trial. As far as he felt like, because his motion at that time was denied, he didn’t feel like he was proceeding, that he had a deal.
[[Image here]]
Based upon the above, we cannot conclude the defendant held a justifiable belief that the agreement contained the terms which he alleged at the hearing below.
Finally, the defendant contends that by testifying at the trial of codefendant Beatty, and therefore incriminating himself, he detrimentally relied upon the agreement to the prejudice of his substantial rights. In the case of State v. Tanner, 425 So.2d 760 (La.1983), the court held that when the State makes a good faith bargain with a defendant and in reliance on that bargain, the defendant relinquishes a fundamental right such as the right against self-incrimination, the State cannot repudiate the bargain. See also, State v. Holmes, 475 So.2d 1057 (La.1985); State v. Caminita, 411 So.2d 13 (La.1982).
In the instant case, the trial court determined that the plea agreement reached by the defendant and the assistant district attorney did not include a recommendation for a specific sentence. The defendant did receive the benefit for which he bargained, that is, a sentence to run concurrently with the sentence imposed by the Texas court. We find no repudiation of this bargain by the State, and no detrimental reliance by the defendant.
For the above reasons, the conviction and sentence of the defendant, Jason L. Haislip, are affirmed.
AFFIRMED.