BYRNES, Judge.
On October 27, 1993, the defendant was charged with possession of cocaine. At his arraignment on November 2nd, he pled guilty as charged and to the multiple bill which was filed by the State at that time. The court then sentenced him to four years at hard labor, suspended the sentence, and placed him on two years active probation with various conditions. The State’s motion to correct an illegal sentence was denied on December 10th. The State now comes before this court seeking relief from this ruling.
The trial court suspended the defendant’s sentence pursuant to C.Cr.P. art. 893, which provides in part:
A. When it appears that the best interest of the public and of the defendant "will be served, the court after a first or second conviction of a noncapital felony, may suspend, in whole or in part, the imposition or execution of either or both sentences, where suspension is allowed under the law, and in either or both cases place the defen *836 dant on probation under the supervision of the division of probation and parole. The court shall not suspend the sentence of a second conviction unless the court finds that such offense did not involve the use of a dangerous weapon by the defendant, the offense occurred at least five years after satisfaction of the sentence imposed for the first conviction, and the defendant was not charged with any other felony since the date of first conviction. The period of probation shall be specified and shall not be less than one year nor more than five years. The suspended sentence shall be regarded as a sentence for the purpose of granting or denying a new trial or appeal. [Emphasis added]
B. The court under the same conditions and by the same procedure as provided for above may suspend the execution or imposition of the sentence of a multiple offender who has been convicted, in the instant offense, of a violation of the Controlled Dangerous Substances Law of Louisiana, other than the production, manufacture, distribution, or dispensing, or possession with the intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance, and place the defendant on probation if he intends to participate, and is accepted, in a licensed state or federal drug treatment program, or if not immediately accepted, he receives a binding commitment from the appropriate official of a licensed state or federal drug treatment program that the next available space in such program will be given to the defendant; however, if for any reason the defendant is rejected by the program, or if he leaves the program before completion or against medical advice, he shall be returned to the custody of the court which imposed the sentence and the sentencing judge shall order the sentence executed. [Emphasis added]
The trial court noted that it was suspending the defendant’s sentence pursuant to paragraph B. The State contends that the trial court erred by doing so for two reasons:
(1) according to the provisions of R.S. 15:529.1, a sentence imposed under the provisions of the Habitual Offender Law cannot be suspended; and (2) the five-year cleansing period of paragraph A of art. 893 also applies to paragraph B, and because less than five years elapsed between the defendant’s prior conviction and the instant one, the defendant was ineligible for probation under art. 893.
With respect to the second issue, the State notes that on April 14, 1993, the defendant pled guilty to simple robbery. He was charged with committing the instant offense on September 29, 1993. As quoted above, paragraph B provides that a sentence may be suspended “under the same conditions and by the same procedure as provided for” in paragraph A. Paragraph A permits a court to suspend a sentence only if it finds, among other conditions, that the “offense occurred at least five years after satisfaction of the sentence imposed for the first conviction”.[1] Here, less than six months elapsed from the defendant’s plea in the prior case and the commission of the instant offense. Therefore, the trial court erred by suspending the defendant’s sentence.
The state is not prohibited from challenging the sentence imposed because it failed to file a motion to reconsider as required by C.Cr.P. art. 881.1. Subsection (D) of this article states, “Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of exeessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised on a motion for appeal or review.” However, Article 881.2(B) provides an exception to this requirement, if the sentence imposed was not in conformity with the mandatory requirements of the statute under which the defendant was convicted, and “if the state objected at the time the sentence was imposed, or made or filed a motion to reconsider sentence under this article.” The state’s objection at the time of sentencing is sufficient to preserve this issue for review.
*837 It is possible that the defendant’s plea bargain may have been predicated upon his receiving a suspended sentence. In State v. Carriere, 611 So.2d 781, 783-784 (La.App. 4th Cir.1992),[2] this court discussed the problem which arises when a defendant pleads guilty under what he assumes is a binding plea agreement which is subsequently broken:
In State v. Hayes, 423 So.2d 1111, 1112 (La.1982), the Court stated: “A guilty plea has been found to be constitutionally infirm when the state does not fulfill an express or implied part of the plea bargain agreement which precipitated the defendant’s decision to so plead.” The Court further stated: “It is well settled that when a guilty plea is induced by a plea bargain or by what a defendant justifiably believes is a plea bargain, and that bargain is not kept, defendant is denied due process of law because the guilty plea was not freely and knowingly given.” Id. at 1114. Hayes and most of the eases cited therein dealt with situations where the State specifically promised to take some actions with respect to the defendant’s ease (i.e., recommending probation, State v. Neitte, 363 So.2d 425 (La.1978)), or not to take some action (i.e., not to file a multiple bill, Hayes). However, in State ex rel. La-Fleur v. Donnelly, 416 So.2d 82 (La.1982), cited by the relator, the Court vacated the defendant’s guilty pleas and sentences due not to the failure of the State to live up to a plea bargain, but rather due to the fact that by operation of law the defendant’s sentence was more severe than what he had been led to believe it would be. The defendant pled guilty to various crimes with the understanding that he would receive concurrent sentences. However, he was never informed that one of the sentences would have to be served without benefit of parole eligibility. The Court found that the defendant’s plea had been made voluntarily, but not knowingly and intelligently, and it vacated the defendant’s pleas and sentences and remanded the case. The Court noted that “it is probably much more important to the defendant’s decision (about whether to plead guilty) that he understand the maximum penalty exposure.” If the State is a party to a plea bargain agreement, the bargain has to be enforced. Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); State v. Redfearn, 441 So.2d 200 (La.1983). If a plea bargain exists to which the State is not a party but upon which a defendant relied in pleading guilty, he must be allowed to withdraw his plea if he so moves. LaFleur, 416 So.2d 82.
For the foregoing reasons the defendant’s sentence is vacated and this case is remanded for resentencing after a hearing is held to determine if the defendant’s pleas should be vacated based upon a breach of a plea bargain.

REVERSED AND REMANDED.

JONES, J., concurs with reasons.

. State v. Merrick, 598 So.2d 1184 (La.App. 4th Cir.), writ den. 608 So.2d 166 (1992), cited by the State for this proposition, does not address the issue of whether the conditions of paragraph A are binding on paragraph B.

. Application dismissed 625 So.2d 159 (1993).