**No. 13-1123 – *State of West Virginia v. Keith D.***

**FILED**

April 9, 2015

**RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA**

Justice Ketchum, dissenting:

The defendant got "slip-shucked" by the prosecutor. As a result, he was sentenced to life in prison, rather than a maximum of ten years per his plea agreement with the prosecutor.

Every prosecutor's case file contains a defendant's criminal record with a list of prior convictions. The prosecutor knows whether he/she will seek a recidivist information charging the defendant with being a habitual offender resulting in additional prison time. To the contrary, many times a defendant is represented by a court-appointed lawyer, as opposed to a public defender or retained lawyer, who is mostly interested in getting the defendant to plead guilty and then sending a bill for payment to the State. As a result, the defendant may agree to a plea with a relatively short prison sentence and ends up being committed to the penitentiary for life.

It is extremely unfair for the State to agree to a maximum sentence and not reveal that it will seek additional prison time soon after the defendant pleads guilty.

A deal is a deal.  The State should not be allowed to entice a defendant to plead guilty by agreeing to a plea bargain without informing the defendant that it will seek a recidivist information which will result in more prison time.

We should adopt the court-made law of other states which requires the prosecution to notify the defendant that the State is seeking additional, habitual offender sentencing before the defendant pleads guilty under the terms of a written plea bargain agreement.  *See People v. Brown*, 492 Mich. 684, 822 N.W.2d 208 (2012); *State v. Hayes*, 423 So.2d 1111 (La. 1982).  This is the fair approach rather than the "tricky" approach approved by the majority opinion.

This defendant got "hoodwinked."  As a result, the defendant will have plenty of time to think about it while serving his life sentence.

I dissent.