PER CURIAM:
*889 Denied. Relator fails to show that he received ineffective assistance of counsel under the standard of Strickland v. Washington , 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended La.C.Cr.P. art. 930.4 to make the procedural bars against successive filings mandatory. Relator's claims have now been fully litigated in state collateral proceedings in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The district court is ordered to record a minute entry consistent with this per curiam.
Johnson, C.J., would grant and assigns reasons.
Hughes, J., would grant in part.
Crichton, J., additionally concurs and assigns reasons.
JOHNSON, C.J. would grant the writ and assigns reasons.
In this post-conviction matter, defendant asserts that his counsel's ineffective assistance during plea negotiations rendered his plea unknowing or involuntary. Given the facts presented in defendant's writ application, I would grant the writ and remand the matter to the district court to conduct a full evidentiary hearing.
Defendant was charged with a variety of offenses, primarily involving issuing worthless checks. Without defendant present, defendant's former attorney met with the prosecutor and the presiding judge and reached an agreement whereby the prosecutor would recommend a total sentence on all charges of two years at hard labor, with each sentence running concurrently; the prosecutor agreed not to file a habitual offender bill; and the judge would accept the guilty pleas and explain the penalties for each offense, not exclude the prosecutor's recommended sentence as a possibility, and tell the defendant that he would consider, but not be bound by the sentence recommendation. Defendant subsequently pled guilty to most of the charges. However his former attorney mistakenly believed and wrongly advised the judge that defendant had only one prior felony conviction. The judge advised defendant of his maximum exposure if he pled and was sentenced consecutively on all charges, and although he did not promise to give the two-year sentence the state agreed to recommend, he stated that it was unlikely defendant would get that sentence. At the sentencing the state did not recommend the two-year sentence as previously agreed, and the judge sentenced defendant to serve 50 years at hard labor.
A plea bargain is a contract between the state and one accused of a crime. State v. Nall , 379 So.2d 731, 733 (La. 1980). A contract is formed by the consent of the parties established through offer and acceptance. The offer and acceptance may be verbal unless the law prescribes a requirement of writing. Once there is an offer and acceptance, the agreement is subject to *890 specific performance. The party demanding performance of a contract has the burden of proving its existence. Moreover, the obligation may be dependent upon an uncertain event. A lawful cause is also necessary to the existence of a contract. The cause is the reason why a party obligates himself. State v. Louis , 94-0761 (La. 11/30/94), 645 So. 2d 1144, 1149 (internal citations removed). This court has recently explained:
As a general matter, in determining the validity of agreements not to prosecute or of plea agreements, the courts generally refer to analogous rules of contract law, although a defendant's constitutional right to fairness may be broader than his or her rights under the law of contract. State in Interest of E.C. , 13-2483, p. 4 (La. 6/13/14), 141 So.3d 785, 787 (per curiam); State v. Cardon , 06-2305, p. 1 (La. 1/12/07), 946 So.2d 171, 171-72 (per curiam); State v. Givens , 99-3518, p. 14 (La. 1/17/01), 776 So.2d 443, 455 ; State v. Louis , 94-0761 (La. 11/30/94), 645 So.2d 1144, 1148-49 ; State v. Lewis , 539 So.2d 1199, 1204-05 (La. 1989) ; State v. Nall , 379 So.2d 731, 734 (La. 1980). See also United States v. Ringling , 988 F.2d 504, 506 (4th Cir. 1993) ("Plea bargains rest on contractual principles, and each party should receive the benefit of its bargain. Yet, the analysis of the plea agreement must be conducted at a more stringent level than in a commercial contract because the rights involved are generally fundamental and constitutionally based.").
State v. Karey , 16-0377 (La. 6/29/17), 232 So. 3d 1186, 1190, reh'g denied , 16-0377 (La. 9/6/17), 224 So. 3d 959. The disposition of criminal charges by agreement between the prosecutor and the accused has been characterized as "an essential component of the administration of justice." State v. Jones , 398 So. 2d 1049, 1052 (La. 1981) (citing Santobello v. New York , 404 U.S. 257, 260, 92 S.Ct. 495, 498, 30 L.Ed. 2d 427, 432 (1971) ). The plea bargaining process presupposes fairness in agreements between an accused and a prosecutor. Karey , 232 So. 3d at 1190. The United States Supreme Court has made clear that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello , 404 U.S. at 262, 92 S.Ct. 495. Thus, when a district attorney or assistant district attorney makes a good faith bargain with a person accused of a crime and the defendant, in reliance on that bargain, relinquishes a fundamental right, the state cannot repudiate the bargain. Karey , 232 So. 3d at 1190. When a defendant enters into such a plea agreement with the government, the government takes on certain obligations. If those obligations are not met, the defendant is entitled to seek a remedy, which might in some cases be rescission of the agreement and in others specific performance (i.e., requiring the government to fully comply with the agreement). Id. at 1198-99.
"A guilty plea is a serious and sobering occasion inasmuch as it constitutes a waiver of the fundamental rights to a jury trial...." Santobello , 404 U.S. at 264, 92 S.Ct. 495 (Douglas, J., concurring); Duncan v. Louisiana , 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed. 2d 491 (1968). Defendant, relying on the state's agreement, relinquished his fundamental right of trial by jury. This court has consistently permitted a constitutionally infirm guilty plea to be withdrawn after sentencing by way of appeal or post conviction relief. See State v. Dixon , 449 So. 2d 463, 464 (La. 1984) ; State v. Hayes , 423 So. 2d 1111 (La.1982). Based on what has been presented to this court, it appears defendant pled guilty in reliance on his understanding that the state agreed to recommend a two year sentence. The defendant's guilty plea under *891 these circumstances should not be allowed to stand, and defendant should be allowed to withdraw his plea.
The district court dismissed defendant's petition without a hearing. Given the great disparity between the apparent plea agreement and the sentence imposed, and considering the factual issues still in dispute regarding the alleged ineffectiveness of defendant's attorney, I would grant defendant's writ application and remand this case to the district court with an order to conduct a full evidentiary hearing on these issues.
Crichton, J., additionally concurs and assigns reasons:
I agree with the Court's decision to deny this writ application. However, I write separately to point out that, in my view, there is nothing in the record before this Court that suggests there was any violation of an agreement between the State and the defendant. To the contrary, the State agreed to not file a habitual offender bill and the defendant pled guilty as charged. After a thorough Boykin examination and considerations of the defendant's criminal history, the trial court sentenced the defendant accordingly.