457 So.2d 864 (1984)
STATE of Louisiana
v.
Allen R. DEVILLE.
No. CR83-806.
Court of Appeal of Louisiana, Third Circuit.
October 10, 1984.
Terrell D. Fowler, Cox, Cox, Townsley & Fowler, Lake Charles, for defendant-appellant.
Jerry G. Jones, Dist. Atty., Cameron, for plaintiff-appellee.
Before DOMENGEAUX, CUTRER, and DOUCET, JJ.
DOMENGEAUX, Judge.
The defendant, Allen R. Deville, was charged by Bill of Information with the crime of distribution of marijuana, a violation of La.R.S. 40:967.[1] Pursuant to a plea bargain agreement, he pled guilty on March 29, 1983. On June 15, 1983, he was sentenced to serve a term of three and one-half years in the custody of the Department of Corrections.
Because we find merit in defendant's third assignment of error we find it unnecessary to pass on his first and second assignments dealing with the sentencing procedure and the excessiveness of the sentence imposed.
By defendant's third assignment of error he contends that the trial court erred in denying his motion to set aside the sentence. He claims that the plea bargain agreement was breached in that the State made a recommendation as to sentencing in violation of the agreement.
*865 The defendant contends in support of his motion that he agreed to plead guilty, in return for which the State would remain silent and make no recommendation as to the sentence. However, it appears that the State did recommend a sentence of three and one-half to five years in the custody of the Department of Corrections. Therefore, it is the defendant's contention that, since the plea bargain agreement was violated, the trial court erred in not granting his motion to set aside the sentence and in the alternative in failing to allow withdrawal of his plea of guilty.
A plea of guilty cannot be withdrawn after a sentence has been imposed, unless it is shown that the plea and/or sentence are constitutionally infirm. State v. Banks, 383 So.2d 1009 (La.1980). A guilty plea has been held to be constitutionally infirm when the State does not fulfill an express or implied part of the plea bargaining agreement which precipitated the defendant's decision to so plead. State v. Hayes, 423 So.2d 1111 (La.1982).
In this case, it appears that neither side had a total understanding as to the terms of the plea bargain agreement. According to the District Attorney, the plea agreement was that neither side would make a recommendation as to the sentence and the defendant would be sentenced solely on the basis of the presentence investigation. The defense counsel stated that his understanding of the agreement was that the State would not file a second Bill against the defendant, that neither side would make a recommendation at the time of the sentencing, and that the defendant would submit a pre-sentence memorandum. However, it should be noted that both sides did understand that the State would not submit a sentencing recommendation.[2]
The trial judge, in denying the motion to set aside the sentence, stated that, in his opinion, both the State and the defense violated the plea bargain agreement. He concluded that, in any event, the defendant had suffered no prejudice since evidence was presented showing the good character of the defendant as well as his alleged drug dealing activities. The trial judge stated that the defendant and his lawyer remained silent until after sentencing. He felt that by that inaction they had waived their objection to the breach of the plea bargain. He thus denied their motion to set aside the sentence. However, a guilty plea can be attacked by means of appeal or by post conviction relief on the ground that the plea is constitutionally infirm; State v. Hayes, supra, therefore, the defendant is not precluded from raising this issue on appeal.
The trial judge stated that since he had been presented with both favorable and unfavorable evidence at the sentencing hearing, the defendant had not been prejudiced. Our Supreme Court has stated in State v. Bosworth, 415 So.2d 912, 927 (La. 1982) (on rehearing), that: "When a plea rests in any significant degree on the promise of the prosecutor, so that the promise partially induced the plea, the promise must be fulfilled. The necessity of performance is unaffected by the trial judge's statement that the prosecutor's recommendation would not have influenced him. Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971)." The trial judge's finding that both parties had violated the agreement, but that the defendant had not suffered any prejudice does not negate the fact that the defendant's plea was most probably significantly induced by the agreement that neither side was to make a recommendation at the sentencing hearing. To that extent the plea bargain has been breached. We therefore feel that in the interest of justice we are compelled to remand this case to the trial court.
*866 In a recent and similar case the Louisiana Supreme Court outlined a procedure to be followed when a plea bargain agreement has been breached. See State v. Charles Ray Smith, 452 So.2d 160 (La.1984). Every "plea bargain breach" case may not require a remand to a different trial judge as was done in Smith. However, we feel that the similarity between the facts here and the facts of the Smith case requires us to follow its directive.
Accordingly, the defendant's sentence is vacated and the case is remanded to the district court for a hearing before a different trial judge to determine whether there was a meeting of the minds between the defendant, the defense counsel, the prosecutor and the trial judge as to the plea bargain. The judge shall then decide whether due process requires (a) that there be specific performance of the plea bargain and the implementation of a new sentence under those guidelines, or (b) that defendant be given the option to withdraw his plea and proceed to trial on the original charges. In the event the circumstances require that the defendant be allowed to withdraw his plea, he should be tried with a different judge presiding.
The plea bargaining phase of criminal justice, and the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due him under the circumstances. Those circumstances will vary, "but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. at 264, 92 S.Ct. at 499.

DECREE
For the above and foregoing reasons the defendant's sentence is vacated and the case is hereby remanded to the district court with instructions to the trial court to conduct further proceedings consistent with the views expressed herein.
SENTENCE VACATED AND CASE REMANDED.
NOTES
[1] The defendant was erroneously charged under La.R.S. 40:967; he should have been charged under La.R.S. 40:966(A). However defendant was not misled by the erroneous citation and the fact that he was charged under the wrong statute is not grounds for reversal of his conviction. State v. Johnson, 404 So.2d 239, 242 (La. 1981).
[2] Neither the record nor the supplemental record reflect the State actually making the sentence recommendation. However, it is referred to by the prosecutor, the defense attorney, and the trial judge.