607 So.2d 661 (1992)
STATE of Louisiana, Plaintiff-Appellee,
v.
Christopher Scott HARRELL, Defendant-Appellant.
No. Cr92-108.
Court of Appeal of Louisiana, Third Circuit.
October 6, 1992.
*662 Scott Westerchil, Leesville, for defendant-appellant.
William E. Tilley, Dist. Atty., Leesville, for plaintiff-appellee.
Before DOUCET, YELVERTON and CULPEPPER[*], JJ.
WILLIAM A. CULPEPPER, Judge Pro Tem.
Defendant, Christopher Scott Harrell, was charged by bill of information with the crime of attempted aggravated rape, a violation of LSA-R.S. 14:27 and LSA-R.S. 14:42. On November 16, 1991, pursuant to a plea bargain agreement, defendant pled guilty to a new bill of information charging him with sexual battery, a violation of LSA-R.S. 14:43.1. In compliance with the plea bargain agreement, defendant was sentenced to ten years at hard labor for the above conviction. On December 6, 1991, defendant filed a motion to withdraw his guilty plea. After a contradictory hearing on December 16, 1991, the trial court denied defendant's motion. Defendant now files this appeal alleging four assignments of error.

FACTS
On July 31, 1991, the defendant attempted to have sexual intercourse with a young girl who was eleven years old. When he was unable to penetrate her, he resorted to manipulation of her genitalia with his finger. Defendant was subsequently arrested for attempted aggravated rape. Pursuant to a plea bargain agreement, the defendant pled guilty to the lesser charge of sexual battery. During the guilty plea hearing, defendant, who was taking flu medication, collapsed and fell to the floor. A recess was taken. The hearing resumed after defendant began to feel better and stated he wished to continue. The trial court eventually accepted defendant's plea of guilty to sexual battery. Subsequently defendant filed a motion to withdraw his guilty plea. After a contradictory hearing, the trial court denied defendant's motion and sentenced him to ten years at hard labor.

ASSIGNMENT OF ERROR NO. 1
Defendant argues it was error for the trial court to deny his motion to withdraw his guilty plea. Defendant contends the trial court erred in finding his guilty plea was knowing and voluntary despite the fact he collapsed during the time in which the court was questioning the defendant on the issue of whether he was currently under the influence of any drugs or alcohol. Defendant maintains he received antibiotics, penicillin shots and pain killers prior to the taking of his plea, and that he was forced to enter his plea a day earlier *663 than he thought. Defendant contends the medication consumed prior to entering the plea, together with having to make a hasty decision on whether or not to enter the guilty plea, put him in a stressful situation which prevented him from entering a knowing and intelligent plea.
A guilty plea will not be considered constitutionally valid unless it is made voluntarily by the defendant and with an understanding of the nature of the charge. State v. Sepulvado, 549 So.2d 928 (La.App. 3 Cir.1989). La.C.Cr.P. art. 559 states that "the court may permit a plea of guilty to be withdrawn at any time before sentence." The trial judge has wide discretion in permitting a guilty plea to be withdrawn, but his discretion may not be exercised arbitrarily. State v. Jenkins, 419 So.2d 463 (La.1982). This court has held that a plea of guilty cannot be withdrawn after sentence has been imposed, unless it is shown the plea is constitutionally deficient. State v. Deville, 457 So.2d 864 (La.App. 3 Cir.1984).
In State v. Beatty, 391 So.2d 828 (La. 1980), it was argued that defendant's plea was a "capitulation" and should be set aside as the product of coercive influences which overwhelmed the will of a physically weak and emotionally distraught man. The court refused to set aside the guilty plea, stating:
As to defendant's physical condition, he may have suffered from various ailments, but there has been no showing that his state of health substantially impaired his effective participation in his defense. See State v. Karno, 342 So.2d 219 (La.1977). His illness may have indeed made the burden of trial more difficult, but the trial court was satisfied that it was not so severe as to deprive the defendant of the ability to understand the rights waived and other consequences of his guilty plea. The evidence regarding defendant's physical condition does not warrant a conclusion that defendant's weakened physical condition produced an involuntary guilty plea.
In the present case, the trial court made a conscientious effort to explain the consequences of the plea to defendant, and to determine whether the plea was knowingly and voluntarily given. The trial court made sure defendant understood the nature of the charge against him. The defendant stated he had discussed the case with his attorney on more than one occasion and that he was satisfied with his attorney's representation. The trial court then explained the defendant's right to a trial by jury, his right to confront his accusers and his right against self-incrimination. The trial court also made sure defendant understood the consequences of his plea.
The defendant then admitted he was freely and voluntarily entering his plea of guilty and that no one had coerced, intimidated or pressured him to enter this plea. A factual basis was then read into the record and both the defendant and his attorney agreed with the recitation. The defendant then stated he was not under the influence of anything at the present time. It was at this point that defendant collapsed. The trial judge noted that defendant did not pass out in the regular sense of the word, because he was still conscious, and that defendant was given sufficient time to recover before continuing the proceedings. After a recess was taken, neither defendant nor his attorney objected to resuming the hearing. The defendant then reiterated his desire for the court to accept his guilty plea. The court then read the criminal statute to defendant, and he admitted committing this crime.
There is no indication in the record that defendant did not understand the proceedings or consequences of his guilty plea because of his medication. The trial judge properly explained to defendant his rights and the consequences of his plea, and made every effort to insure defendant entered a knowing and voluntary guilty plea. As for defendant's argument that he was forced to plead guilty a day early, the defendant himself stated no one was forcing him to plead guilty. We find the guilty plea was properly entered and the motion to withdraw the plea was properly denied.
This assignment of error has no merit.

*664 ASSIGNMENT OF ERROR NO. 2
Defendant argues the trial court erred in denying his motion to withdraw the guilty plea based upon defendant's testimony of his innocence for the alleged offense. At the hearing on the motion to withdraw the guilty plea, defendant stated he had pled guilty to an offense he did not commit. Defendant contends he made the decision to withdraw his guilty plea after he was no longer under the influence of medication and after a period of time in which he gave the matter appropriate thought. In U.S. v. Hurtado, 846 F.2d 995 (5th Cir.1988), cert. denied, Aguas v. U.S., 488 U.S. 863, 109 S.Ct. 163, 102 L.Ed.2d 133 (1988), the court held that a claim of innocence, standing alone, does not mandate permission to withdraw a guilty plea.
Moreover, the question of credibility is within the sound discretion of the trier of fact. In the instant case, the trial court found that defendant's testimony was credible on the day he pled guilty. At the hearing on the motion to withdraw, defendant contradicted himself, and the trial court did not believe defendant, who was now asserting his innocence. On the day he pled guilty, the defendant admitted he had attempted to have sex with an eleven year old girl, and being unable to penetrate her, he resorted to manipulation of her genitalia with his finger.
The trial court was in the best position to determine the credibility of defendant's testimony, and we find no abuse of the trial court's discretion in determining that defendant was credible in his testimony on the day he pled guilty and that he was not credible during the motion to withdraw hearing.
This assignment of error has no merit.

ASSIGNMENT OF ERROR NO. 3
Defendant asserts the trial court erred in denying the motion to withdraw his guilty plea based on defendant's testimony that continual harassment and physical abuse by his fellow inmates induced him to enter the guilty plea in an attempt to avoid physical harm, thus preventing the defendant from making a knowing and intelligent plea.
When denying defendant's motion to withdraw his guilty plea, the trial judge stated that in his opinion, the other prisoners had not forced defendant to enter this plea. The trial court also stated there was no evidence to corroborate the fact that a beating ever occurred. Also, the fact that the alleged beating happened several weeks before defendant entered his plea lessens its effect. Further, there was no evidence set forth by defendant, other than his own assertions, to prove these allegations.
There simply was no evidence presented to warrant an overturning of the trial court's determination of credibility. Based upon the review of the transcript of defendant's guilty plea hearing, we find the defendant entered a knowing, voluntary and uncoerced guilty plea.
This assignment of error has no merit.

ASSIGNMENT OF ERROR NO. 4
In his last assignment of error, defendant contends the trial court erred in failing to inform him during sentencing that he has three years from the date of conviction to seek an application for postconviction relief. Under La.C.Cr.P. art. 930.8(C), the trial court is required to inform the defendant of the prescriptive period for post-conviction relief. Defendant contends this is an error patent which is discoverable on the face of the record. Therefore, defendant argues his sentencing should be set aside and his guilty plea withdrawn. In the instant case, a review of the sentencing transcript reveals the trial court did not inform the defendant of the prescriptive period for post-conviction relief.
However, the trial court's error, in failing to inform the defendant of the prescriptive period for post-conviction relief, is not grounds for reversal of his conviction because it does not affect substantial rights of the accused. See La.C.Cr.P. art. 921. Since defendant's case is not final under La.C.Cr.P. art 922 until all time delays for his appeals have run, the prescriptive period *665 for filing an application for post-conviction relief has not yet begun.
The trial court's failure to inform the defendant of the prescriptive period for post-conviction relief under La.C.Cr.P. art. 930.8(C) was harmless error as to his conviction, and therefore this assignment of error has no merit.
For the reasons assigned, the judgment appealed is affirmed.
AFFIRMED.
NOTES
[*] Judge William A. Culpepper, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.