664 So.2d 489 (1995)
STATE of Louisiana, Appellee,
v.
Karrie Dean COOK, Defendant-Appellant.
No. CR95-212.
Court of Appeal of Louisiana, Third Circuit.
October 18, 1995.
Writ Granted February 28, 1996.
*490 Michael Harson, Rickey Wayne Miniex, Asst. Dist. Atty., Lafayette, for State of Louisiana.
Edward John Marquet, David Charles Willard, Lafayette, for Karrie Dean Cook.
Before SAUNDERS, SULLIVAN & KNIGHT,[1] JJ.
SAUNDERS, Judge.
Defendant, Karrie Dean Cook, appeals the conviction of vehicular homicide, a violation of La.R.S. 14:32.1, for which she was sentenced to nine years at hard labor, on the grounds that the sentence is excessive. We remand to the trial court for resentencing.

FACTS
On June 2, 1992, the defendant, Karrie Dean Cook, was driving her automobile on Verot School Road in Lafayette. As she neared the intersection at Tolson Road, she struck eighteen year old Paul Theriot who was riding a bicycle. Theriot landed unconscious, face down in a ditch on the side of the road where he died from the trauma due to the impact and/or asphyxiation. Defendant, in a frantic state of mind, left the scene and drove to a friends' house where she told them that she had been involved in an accident. The police were called and defendant turned herself in at the police station. It was determined that the defendant had been drinking at the time of the accident.
Defendant was subsequently charged with vehicular homicide, a violation of La.R.S. 14:32.1, and hit and run driving, a violation of La.R.S. 14:100(B)(2). On February 28, 1994, the defendant entered a plea of no contest to the charge of vehicular homicide. The state dismissed the charge of hit and run driving. Defendant was sentenced to nine years at hard labor. She subsequently filed a motion to reconsider sentence which was denied by the trial court on October 24, 1994. On January 19, 1995, defendant filed a motion to withdraw her plea of no contest which was denied by the trial court.
Defendant now appeals her conviction and sentence.

ASSIGNMENTS OF ERROR
Defendant has asserted three assignments of error:
(1) The trial court erred in sentencing defendant to an excessive sentence.
(2) The trial court erred in failing to follow the sentencing guidelines.
(3) The trial court erred in its failure of the trial judge to recuse himself based upon personal bias.
Defendant's brief also argues that the trial court erred in not allowing Ms. Cook to withdraw her plea of no contest after sentencing. A plea of nolo contendere or "no contest" is equivalent to an admission of guilt and, with the exception of being unavailable as an admission in a civil trial, is treated as a guilty plea. State v. Brown, 490 So.2d 601 (La.App. 2 Cir.1986). Further, this court has held that a guilty plea will not be considered constitutionally valid unless it is made voluntarily by the defendant and with an understanding of the nature of the charge. State v. Sepulvado, 549 So.2d 928 (La.App. 3 Cir. 1989). La.Code Crim.P. art. 559 states that "the court may permit a plea of guilty to be withdrawn at any time before sentencing." The trial judge has wide discretion in permitting a guilty plea to be withdrawn, but his discretion may not be exercised arbitrarily. State v. Jenkins, 419 So.2d 463 (La.1982). This court has held that a plea of guilty cannot be withdrawn after sentence has been imposed, unless it is shown the plea is constitutionally *491 deficient. State v. Deville, 457 So.2d 864 (La.App. 3 Cir.1984).
In this instance, defendant was represented by counsel, signed a plea of no contest and was fully informed of all elements of the crime. It was not until after sentencing that defendant requested to withdraw her plea of no contest. Defendant has asserted one reason in brief for such request of withdrawal and this court has recognized an additional reason for a withdrawal of her no contest plea. This court cannot allow such withdrawal on the basis of prior jurisprudence.
Assignments of Error Nos. 1 and 2 will be joined in the following discussion. Defendant contends that the trial court erred in sentencing her to an excessive sentence and did not consider the sentencing guidelines, amounting to the needless imposition of punishment in light of numerous mitigating factors.
Specifically, defendant contends the trial court failed to take into account that she maintained steady employment, had a fourteen year old daughter, had no prior felony conviction specifically related to alcohol abuse or the operation of a vehicle, that she showed genuine remorse, and that incarceration would present undue hardship on her family. Defendant claims that the trial court placed undue emphasis on the seriousness of the offense, and in doing so, failed to specify the sentence to this specific defendant.
Defendant further contends that her leaving the scene of the accident was not an attempt to escape the consequences of her action, but rather an effort to obtain help and notify the authorities. It is noted by this court that the record indicates that defendant immediately went to the house of a friend and told them what happened, thereby leading to the police being called about the accident.
In State v. Smith, 94-402 (La.7/5/94), 639 So.2d 237, the Louisiana Supreme Court established the process of appellate review of the trial court's sentencing process:
(1) While a trial judge must consider guidelines, he has complete discretion to reject the guidelines and impose any sentence which is not constitutionally excessive, but is within the statutory sentencing range for the crime of which the defendant has been convicted, so long as he states for the record the considerations taken into account and the factual basis for imposition of that sentence, La.Code Crim.P. art. 894.1; and
(2) Where the trial judge has considered the guidelines and imposed a sentence adequately stating for the record considerations taken into account and the factual basis for imposition of that sentence, an appellate court is limited to review of the sentence impose for constitutional excessiveness, without regard as to whether the trial judge either employed or deviated from the guidelines. (Footnote omitted).
Id., at 240.
La.R.S. 14:32.1 provides for a fine of not less than $2,000.00 nor more than $15,000.00 and a sentence of imprisonment with or without hard labor for not less than two years and not more than fifteen years. The defendant was sentenced to nine years at hard labor, even though the trial court noted in mitigation that, "you did accept responsibility for the death of the victim, you have maintained good employment, and you do have a young child, a teenager."
In the present case, the record reveals that the trial judge considered the guidelines but chose to depart from the guidelines when imposing sentence. As the trial judge considered the guidelines and stated for the record the considerations taken into account and the factual basis for imposition of the sentence, this court is limited to a review of the sentence imposed for constitutional excessiveness. Smith, 639 So.2d at 240.
Article 1, Section 20 of the Louisiana Constitution of 1974, prohibits "cruel, excessive, or unusual punishment." A sentence which falls within the statutory limits may nevertheless be excessive under the circumstances. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Naquin, 527 So.2d 601 (La.App. 3 Cir.1988). To constitute an excessive sentence, this court must find that the penalty is so grossly disproportionate to *492 the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and therefore is nothing more than needless imposition of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993).
After a thorough review of the record and intense laboring over the mitigating circumstances, we feel that the sentence of nine years at hard labor does shock one's consciousness and thus meets the test of Dorthey. We feel that the sentence of nine years at hard labor makes no meaningful contribution to acceptable penal goals and is therefore nothing more than needless imposition of pain and suffering and would benefit neither defendant nor society. The record indicates that defendant is a model employee and a hardworking mother successfully rearing her teenage daughter. Defendant has successfully risen to the challenge of all societal expectations of providing for her family. We can find no measurable contribution that such a harsh sentence would provide. For these reasons, we feel that the sentence of nine years at hard labor is excessive. Accordingly, it is the judgment of this court that this matter is remanded for resentencing.
Notwithstanding the controlling ruling stated above, this writer would go further and allow defendant to withdraw her plea of no contest. From a review of the record via our supervisory power, several aspects are noted which indicate that the trial judge should have been put on notice that a withdrawal of defendant's plea was merited. It is noted that: (1) the defendant did not enter a guilty plea but rather a nolo contendere suggesting enough reservation that the trial judge should scrutinize the record most closely; and (2) a complete review of the record before us suggests that one element of the crime of vehicular homicide, i.e., causation, may be lacking.
The booking report (XX-XXXXXX-X) shows that Ms. Cook told Officer Thompson at 8:57 p.m. on June 4, 1992, that "the person on the bicycle had pulled out in front of her." Several hours later, at approximately 12:38 a.m. on June 5, 1992, during interrogation, Ms. Cook told Detective Ted Vincent that "she was right behind the victim and for unknown reasons he fell off his bicycle right into the path of her vehicle." There is no evidence in the record that suggest Ms. Cook swerved or veered into the deceased. Neither is there evidence to contradict Ms. Cook's above statement. Moreover, the record does indicate several physical characteristics of the road and shoulder that support Ms. Cook's testimony.
If Ms. Cook's drinking was not the cause of this accident, then the crime charged was not committed. Certainly, there may be evidence not revealed in the record that would explain more clearly why "no contest" was pleaded. This writer feels a closer look is warranted.
A third aspect is that defendant's brief asks that she simply be given a chance for a new trial suggesting that there is evidence not previously known, i.e., drinking after the accident but prior to the intoxilizer test. This argument standing alone finds little support in the record but when considered in the light of Nos. 1 and 2 above, it does add support to the proposition that defendant should have been permitted to withdraw her plea.
On remand, the defendant may move to have her plea set aside prior to resentencing. If this is done, the district court will be in a position to inquire into the sufficiency of the evidence on the issue of causation prior to granting or denying said motion.
In Assignment of Error No. 3, defendant contends that the trial judge erred in failing to recuse himself based on personal bias.
This assignment of error has not been briefed by the defendant. Failure to argue an assignment of error constitutes a waiver of that error. State v. Rubin, 94-982 (La. App. 3 Cir. 2/8/95), 649 So.2d 1240; see also Uniform RulesCourt of Appeals, Rule 2-12.4. Therefore, this assignment of error is deemed abandoned.

CONCLUSION
For the foregoing reasons, we remand this case to the district court for resentencing.
*493 SENTENCE VACATED; REMANDED FOR RESENTENCING.
SULLIVAN, J., concurs with written reasons.
KNIGHT, J., concurs with written reasons.
KNIGHT, Judge Pro Tem., concurring.
I concur in the remand for resentencing. However, I disagree with my colleague's conclusions regarding defendant's right to withdraw her plea of nolo contendre after being sentenced for the reasons stated by Judge Sullivan in his concurring opinion.
SULLIVAN, Judge, concurring.
I would concur in the remand for resentencing. However, I strongly disagree with my colleague's conclusions regarding defendant's right to withdraw her plea of nolo contendere after being sentenced.
This argument should not even be addressed since it was raised only in brief and not specified as error. La.Code Crim.P. art. 920 delineates the scope of appellate review, i.e., assigned errors and patent errors. La. Code Crim.P. art. 844 requires appellants to designate, in writing, those errors which are to be urged on appeal and file same. Since defendant did not comply with the assignments of error procedure insofar as the nolo contendere plea is concerned, the alleged error complained of only in her brief is not properly before this court for review. State v. Williams, 319 So.2d 404 (La.1975); State v. Gamberella, 633 So.2d 595 (La.App. 1 Cir. 1993), writ denied, 94-0200 (La. 6/24/94), 640 So.2d 1341. For these reasons, we should not even consider the merits of this unassigned error.
I would reach the same result even if the issue had been assigned and was properly before us. La.Code Crim.P. art. 559 specifically provides that "(t)he court may permit a plea of guilty to be withdrawn at any time before sentence." This court has held that an exception lies if the plea and/or sentence are constitutionally infirm, eg., when the state does not fulfill an express or implied part of the plea bargain agreement which precipitated the defendant's decision to so plead. State v. Deville, 457 So.2d 864 (La. App. 3 Cir.1984); State v. Hayes, 423 So.2d 1111 (La.1982). This was not alleged in defendant's brief.
Instead, defendant contends, in her brief, that her plea was not knowingly made since it was based upon her ignorance of a possible defense, viz., that she allegedly consumed alcohol after the accident. My esteemed colleague would go even further and conjectures, from a review of the scant record before us, that causation may be lacking.
Neither of these arguments have any basis in the law and should not be considered.
NOTES
[1] Judge William N. Knight of the Thirty-first Judicial District participated in this decision as judge pro tempore by appointment of the Louisiana Supreme Court.