## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-364

STATE OF LOUISIANA

VERSUS

MARSHALL M. KOTRLA

************

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 110,860
HONORABLE MARILYN C. CASTLE, DISTRICT JUDGE

************

## MICHAEL G. SULLIVAN
## JUDGE

************

Court composed of Sylvia R. Cooks, Michael G. Sullivan, and Billy Howard Ezell, Judges.

**AFFIRMED AS AMENDED.**

**Michael Harson**
**District Attorney**
**Ronald E. Dauterive**
**Assistant District Attorney**
**Post Office Box 3306**
**Lafayette, Louisiana 70502-3306**
**(337) 232-5170**
**Counsel for:**
    **State of Louisiana**

**Randall M. Guidry**
**Durio, McGoffin, Stagg & Ackermann**
**Post Office Box 51308**
**Lafayette, Louisiana 70505**
**(337) 233-0300**
**Counsel for Defendant/Appellant:**
    **Marshall M. Kotrla**

**SULLIVAN, Judge.**

Defendant, Marshall M. Kotrla, was charged by bill of information with vehicular homicide, a violation of La.R.S. 14:32.1, and two counts of first degree vehicular negligent injuring, violations of La.R.S. 14:39.2. After one full day of trial, Defendant withdrew his plea of not guilty and entered a plea of guilty as charged. Defendant was sentenced to serve sixteen years at hard labor for vehicular homicide, with the first five years without benefit of parole. The trial court also imposed a $2,000.00 fine and ordered Defendant to pay court costs of $183.50. He was sentenced to five years at hard labor for each count of first degree vehicular negligent injuring. All three sentences were ordered to run concurrently. A motion to reconsider sentence was filed on April 4, 2007; the motion was denied without a hearing.

Defendant now appeals, asserting that his sentence for vehicular homicide is excessive and that the trial court did not adequately consider a mitigating factor which should have resulted in a reduced sentence. For the following reasons, we amend Defendant's sentence for vehicular homicide and affirm as amended.

## FACTS

The following facts were taken from the factual basis set forth by the State at Defendant's guilty plea hearing. On March 25, 2006, Defendant was driving his vehicle while under the influence of alcohol and struck another vehicle, causing the death of one passenger and seriously injuring the driver and another passenger.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, this court reviews all appeals for errors patent on the face of the record. We have discovered several errors patent

1

regarding Defendant's sentence and an error regarding the trial court's advisement of the prescriptive period of La.Code Crim.P. art. 930.8.

The sentencing provision for vehicular homicide, La.R.S. 14:32.1(B), that was in effect when the offense was committed provided, in pertinent part:

> B. Whoever commits the crime of vehicular homicide shall be fined not less than two thousand dollars nor more than fifteen thousand dollars and shall be imprisoned with or without hard labor for not less than two years nor more than thirty years. At least one year of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. If the operator's blood alcohol concentration is 0.15 percent or more by weight based upon grams of alcohol per one hundred cubic centimeters of blood, then at least five years of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. . . . The court shall require the offender to participate in a court-approved substance abuse program and may require the offender to participate in a court-approved driver improvement program.

At Defendant's sentencing, the trial court stated:

> So, for the offense of vehicular homicide, the Court sentences you to a term of imprisonment at hard labor for 16 years. And . . . five years of that sentence must be served without benefit of parole. The Court is also imposing a fine of $2,000 and court costs of $183.50.
>
> For each count of first degree negligent injuring, the Court is imposing a sentence of five years at hard labor. And all these sentences will run concurrently.
>
> Further, if you are granted parole in this matter, the Court is ordering that a condition of your parole be that you pay the fine and court costs which I've just imposed; that you undergo substance abuse treatment; that you complete a driver improvement course; that you not operate a vehicle unless that vehicle is equipped with an interlocking device; and that you participate in the No Fear No Future program of the Junior League or some other similar program about drinking . . . .
>
> . . . .

2

> Also, as a condition of parole, I would want restitution made to the families in this case. But since, at this point, we are not aware of what those amounts are, those will be determined at such time that parole may become appropriate.
>
> I'm also requesting that the Department of Corrections confine you to a facility where you can receive substance abuse treatment.
>
> . . . .
>
> Pursuant to Code of Criminal Procedure Article 930.8, you have two years from this date-- from the date your conviction and sentence become final to file for post-conviction relief. This means, if you appeal this sentence and your appeal is denied, you have two years from the judgment on appeal to file for post-conviction relief. If you do not take an appeal, then your conviction is going to be final five days from today, and you'll have two years from that date to file for post-conviction relief.

In *State v. Bradley,* 99-364 (La.App. 3 Cir. 11/3/99), 746 So.2d 263, this court explained that the power to regulate one on parole is vested in a parole board within the Department of Corrections and that a trial court has no authority to impose a condition on a parolee. More specifically, a sentencing court is without authority to impose restitution as a condition for a defendant's future parole. *State v. Douglas*, 576 So.2d 1102 (La.App. 3 Cir. 1991). Additionally, La.Code Crim.P. art. 888 provides that costs and fines shall be payable immediately.

The trial court erred in ordering that Defendant pay the fine and court costs, as well as restitution, as conditions of any possible future parole. Defendant's sentence is amended, deleting payment of the fine, court costs, and restitution, as well as the requirement that he undergo substance abuse treatment, as conditions of parole, and the trial court is instructed to make an entry in the court minutes reflecting the amendment.

3

Although the trial court recommended that Defendant be confined to a facility where he could receive substance abuse treatment, it failed to *require* that he participate in a court-approved substance abuse program as part of his original sentence as mandated by La.R.S. 14:32.1, thus rendering Defendant's sentence illegally lenient. Defendant's sentence must be amended to reflect that he is required to participate in a court-approved substance abuse program, and we instruct the trial court to make a notation in the minutes reflecting the amendment. *See State v. Williams*, 00-1725 (La. 11/28/01), 800 So.2d 790, and La.Code Crim.P. art. 882.

According to La.Code Crim.P. art. 930.8, the two-year prescriptive period for filing post-conviction relief begins to run when the defendant's conviction and sentence become final under the provisions of La.Code Crim.P. arts. 914 or 922. According to the time periods set forth in those articles, the earliest a conviction and sentence can become final is *thirty* days after the imposition of sentence, provided that the defendant files neither an appeal nor a motion to reconsider sentence. The trial court erred in advising Defendant when the prescriptive period for filing post-conviction relief would begin to run. Accordingly, the trial court is directed to inform Defendant of the correct prescriptive period by sending appropriate written notice to him within ten days of the rendition of this opinion and to file written proof of such notice into the record of these proceedings. *State v. Roe,* 05-116 (La.App. 3 Cir. 6/1/05), 903 So.2d 1265, *writ denied*, 05-1762 (La. 2/10/06), 924 So.2d 163.

### ASSIGNMENT OF ERROR NUMBER ONE

Defendant argues that a sixteen-year sentence for a first-time offender who pled guilty is excessive. This court has set forth the following standard to be used in reviewing excessive sentence claims:

4

La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331 (alteration in original).

To decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

[A]n appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

As previously noted, the penalty for vehicular homicide at the time of the commission of this offense was imprisonment of between two and thirty years and a fine of between two and fifteen thousand dollars.

Defendant's sixteen-year, hard-labor sentence was just more than one-half of the maximum possible sentence, and he was fined the minimum possible fine of $2,000.00. Because his blood alcohol concentration exceeded 0.15, the trial court ordered the minimum of five years of his sentence to be served without benefit of probation, parole, or suspension of sentence.

At sentencing, the trial court noted that it had studied the pre-sentence report and that it had reviewed all of the letters and statements submitted on behalf of Defendant and the victims. The trial court specifically stated that its findings were being made in light of La.Code Crim.P. art. 894.1. The trial court noted that Defendant had no prior felony convictions. Nevertheless, in light of Defendant's blood alcohol concentration of twice the legal limit at the time of the offense, and the fact that his actions resulted in the death of a human being and serious bodily injury to two others, the trial court determined that any lesser sentence would deprecate the seriousness of the offense.

In his motion to reconsider sentence, Defendant asserted that the trial court did not apply the guidelines of La.Code Crim.P. art. 894.1 when sentencing him. Defendant requested that the trial court reconsider his sentence based on the many mitigating factors present. More specifically, Defendant stressed that he was a first-time felon who pled guilty to the charges and accepted responsibility for his actions. He noted that he was properly licensed, that his vehicle was fully insured, that he was not cited for excessive speed, and that no illegal or dangerous substances were in his system at the time of the offense. Finally, Defendant emphasized his stable work history and the level of support that he had received from his family, friends, and employer as evidenced by the letters submitted to the court on his behalf. Defendant

maintained that the trial court's failure to reconsider his sentence in light of his positive attributes would operate as a disincentive for others to plead guilty because they would receive as harsh a sentence as if they had proceeded to a jury verdict.

Defendant referred the trial court to three cases wherein the defendants received lesser sentences for the same crime. In *State v. Gibson*, 97-108 (La.App. 3 Cir. 4/30/97), 693 So.2d 286, this court upheld a nine-year sentence, with one year to be served without benefit of parole, probation, or suspension of sentence, imposed on a defendant who had a blood alcohol level of 0.17 about three hours after the accident. In *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615 (1996), the supreme court reinstated a nine-year sentence imposed on a defendant that had maintained gainful employment and had no prior felony convictions. Lastly, Defendant points to *State v. Green*, 418 So.2d 609 (La.1982), wherein the supreme court held that concurrent sentences of three years at hard labor for two counts of negligent homicide, a felony offense which carries a maximum sentence of five years, were not excessive.

The trial court's handwritten reasons for denying Defendant's motion to reconsider sentence provided:

> The motion and memorandum raise no new issues. In light of the injury and death resulting from this offense the sentence is appropriate. Moreover, the memorandum is factually incorrect as to the sentences imposed for similar multi-victim offenses in this district.

In his brief to this court, Defendant reiterates the arguments presented to the trial court in his motion to reconsider sentence. He adds that if the sentence remains, one could argue that every defendant without a criminal record should reject taking responsibility for their actions and force a trial that is painful and upsetting to the victims and their families.

However, as noted by the State, the maximum penalty for vehicular homicide has increased since the time of the rulings in the jurisprudence cited by the Defendant. In *Gibson*, the sentencing range for vehicular homicide at the time of the offense was two to fifteen years. Thus, the defendant's nine-year sentence was sixty percent of the maximum possible sentence. At the time of the decision in *Cook*, the sentencing range was five to fifteen years. Again, the defendant's nine-year sentence was sixty percent of the maximum possible sentence. Lastly, in *Green*, the defendant's three-year sentence for negligent homicide was also sixty percent of the five-year maximum possible sentence. Accordingly, the jurisprudence relied upon by Defendant does not support his argument that his sentence is excessive.

Further, *Cook* involved a reversal of this court's decision on appeal to vacate the trial court's imposition of the nine-year sentence for vehicular homicide. This court concluded that the defendant's sentence was excessive on grounds that it "makes no meaningful contribution to acceptable penal goals and is therefore nothing more than needless imposition of pain and suffering and would benefit neither defendant nor society." *State v. Cook*, 95-212, p. 5 (La.App. 3 Cir. 10/18/95), 664 So.2d 489, 492, *reversed*, 95-2784 (La. 5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615 (1996). This conclusion was based on the mitigating circumstances that the defendant was a model employee and a hardworking mother successfully raising a teenage daughter. While the supreme court agreed that the defendant presented mitigating circumstances weighing in favor of a lesser sentence, it found that although the nine-year sentence was harsh, it was not constitutionally excessive. In light of this decision, it is clear that the supreme court has taken a strong stance against alcohol-related vehicular homicide offenses.

8

Considering the reasons stated by the trial court at sentencing, in addition to the fact Defendant did not receive a maximum or near maximum sentence, we conclude that the trial court did not abuse its discretion in sentencing Defendant. This assignment of error is without merit.

**ASSIGNMENT OF ERROR NUMBER TWO**

Defendant next argues that this court should reduce his sentence because of a mitigating factor, i.e., evidence that he was reaching for his cell phone immediately prior to impact.

At sentencing, counsel for Defendant asked the trial court to consider the testimony of Officer Judith Estorge who testified that her investigation led her to conclude that alcohol combined with Defendant's having been distracted by his cell phone caused the accident. Defense counsel urged that Defendant's use of his cell phone immediately before the impact be considered as a mitigating factor. The trial court responded as follows:

> Mr. Kotrla, this accident was not because of your cell phone. This accident was because your blood alcohol level was more than twice the legal limit.
>
> And I think that it's -- Part of the reason, I think, these victims are so upset about this case is because you have not accepted that. And it's like the 800-pound elephant sitting in this room.
>
> To continue to say it was because of your cell phone is to ignore your responsibility. And I hope that you will accept it and that you will not attempt to excuse this behavior because of the cell phone.

In Defendant's motion to reconsider sentence, he asked the trial court to reconsider its sentence, arguing that to hold that the cell phone involvement was not a mitigating factor amounts to a total rejection of the lead investigator's findings.

The State counters that this court should not consider any evidence regarding any possible cell phone involvement because the trial was stopped before the presentation of all of the State's evidence when Defendant pled guilty. The State asserts that it was prepared to offer evidence that Defendant was actually making a call immediately prior to the accident rather than receiving a call as he had claimed to the investigator officer.

The trial court did consider the involvement of the cell phone at Defendant's sentencing; however, it viewed the cell phone involvement as an impediment rather than as a mitigating factor. Defendant has not shown that the trial court's conclusion in that regard was an abuse of discretion. This assignment of error lacks merit.

## CONCLUSION

Defendant's sentence for vehicular homicide is amended to delete the conditions of parole, including the payment of restitution to the victims, and the trial court is instructed to note the amendment in the court minutes. Additionally, the trial court is directed to inform Defendant of the correct prescriptive period by sending appropriate written notice to Defendant within ten days of the rendition of this opinion and to file written proof of the notice into the record of these proceedings. Defendant's sentences are affirmed in all other respects.

**AFFIRMED AS AMENDED.**