STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-995

STATE OF LOUISIANA

VERSUS

J. D.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 6101-06
HONORABLE R. RICHARD BRYANT, JR., DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

ELIZABETH A. PICKETT
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Oswald A. Decuir, and Elizabeth A. Pickett, Judges.

AFFIRMED.

John Foster DeRosier
District Attorney - Fourteenth Judicial District
Carla Sue Sigler
Assistant District Attorney
P. O. Box 3206
Lake Charles, LA 70602-3206
(337) 437-3400
Counsel for State-Appellee:
State of Louisiana

William Jarred Franklin
Louisiana Appellate Project
3001 Old Minden Road
Bossier City, LA 71112
(318) 746-7467
Counsel for Defendant-Appellant:
J. D.

**PICKETT, Judge.**

## FACTS

On January 19, 2006, the victim, then five years old, was at her grandmother's residence with her seven-year-old sister and the defendant, who was her step-grandfather. Later that evening, the victim made an allegation that the defendant had sexually assaulted her.

On March 2, 2006, the state filed a bill of indictment charging the defendant, J.D., with one count of sexual battery and one count of aggravated rape, violations of La.R.S. 14:43.1 and La.R.S. 14:42(A)(1), respectively. At an arraignment held on April 17, 2006, the defendant pled not guilty. After pretrial activity which included a substitution of counsel, the parties selected a jury on September 16 and 17, 2008.

The jury heard opening statements and evidence on September 17 and 18. On September 19, the state elected to *nolle prosse* outright the sexual battery count. The jury then heard closing arguments and found the defendant guilty of the remaining charge, aggravated rape.

On October 24, 2008, the trial court sentenced the defendant to life in prison without benefit of probation, parole, or suspension of sentence.

The defendant now appeals his conviction, assigning three errors.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find no errors patent.

1

## ASSIGNMENTS OF ERROR

1. There is insufficient evidence to prove the guilt of defendant for the offense of aggravated rape beyond a reasonable doubt.

2. The trial court erred in denying the Motion for New Trial.

3. The sentence imposed is excessive for this offender and this offense.

## DISCUSSION

ASSIGNMENT OF ERROR NUMBER ONE

In his first assignment of error, the defendant argues the evidence adduced against him at trial was insufficient to support his conviction. The analysis for such a claim is well-established:

> When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, *rehearing denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore, the appellate court should not second guess the credibility determinations of the triers of fact beyond the sufficiency evaluations under the *Jackson* standard of review. *See State ex rel. Graffagnino*, 436 So.2d 559 (*citing State v. Richardson*, 425 So.2d 1228 (La.1983)). In order for this Court to affirm a conviction, however, the record must reflect that the state has satisfied its burden of proving the elements of the crime beyond a reasonable doubt.

*State v. Kennerson*, 96-1518, p. 5 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367, 1371.

La.R.S. 14:41, defines rape:

> A. Rape is the act of anal, oral, or vaginal sexual intercourse with a male or female person committed without the person's lawful consent.

> B. Emission is not necessary, and any sexual penetration, when the rape involves vaginal or anal intercourse, however slight, is sufficient to complete the crime.

2

The jury convicted the defendant of aggravated rape. The statute defining aggravated rape is La.R.S. 14:42. It states, in pertinent part:

> A. Aggravated rape is a rape committed upon a person . . . where the anal, oral, or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
>
> . . . .
>
> (4) When the victim is under the age of thirteen years. Lack of knowledge of the victim's age shall not be a defense.

In the present case, the defendant specifically argues the state failed to prove that sexual penetration occurred. He acknowledges the victim's testimony, but states, "There was no evidence that the child understood the concept of penetration."

The victim testified that the defendant "sticked [sic] his thing in [her] butt." Her great-grandmother testified, "She said he took out his weenie and put it in her and it hurt her." Corporal Deveda Benoit, a deputy with the Calcasieu Parish Sheriff's Office, testified the victim pointed to the anal and vaginal areas of a doll and said, "[J.D.] stuck his weenie here. . . . [J.D.] stuck his weenie in here, too." Further, during the victim's recorded statement she said he put his penis in her mouth.

Even if the defendant is correct that the young victim does not understand "penetration," surely she understood what it meant to stick an object into another object or area. Although expressed in a child's language, her allegation against the defendant is quite clear and understandable.

The defendant also argues that the physical evidence did not support the victim's testimony. For example, he notes medical testimony that the child's hymen was intact. He notes that a nurse found a small cut in the area between the victim's

3

vagina and anus, and that there was redness in her vaginal and rectal areas. However, he argues the cut could have been caused by a broken toilet seat and the redness could have been caused by improper hygiene. On cross-examination, the state's medical expert acknowledged he could not negate non-sexual causes for the redness and the cut. During the cross-examination of the great-grandmother, trial counsel asked about the condition of her toilet seats, and she stated that hers were in good condition. The victim's grandmother testified that the toilet seat in her trailer was torn and that the victim had used that toilet.

As for hygiene, the great-grandmother admitted, in her direct testimony, that she bathed the children every other night, not every night. The Sexual Assault Nurse Examiner, Lavita Figueroa, opined that the redness around the victim's vagina and anus would not be caused by hygienic issues.

The defendant acknowledges the presence of seminal fluid on the victim's panties, but states the DNA expert could not say how it got onto the panties. Further, he argues that the fluid could signify emission without penetration. Laboratory testing revealed semen and blood on the panties, and blood on the vaginal swabs.

The DNA expert, Leanne Suchanek, testified that the semen sample was consistent with DNA from the defendant. Suchanek also stated that, statistically, the DNA profile would be seen in only one in 450 trillion people. Asked whether the defendant could be identified, "to a scientific certainty," as the donor of the seminal fluid at issue, Suchanek answered in the affirmative. Therefore, it is clear that the defendant engaged in some form of sexual activity with the victim.

4

Regarding the specific issue of penetration, the victim's testimony provided direct evidence that such an act occurred. Combining this testimony with the evidence already mentioned, i.e., the defendant's DNA found in seminal fluid in the victim's panties, redness in the victim's vaginal and anal areas and blood in the victim's panties, we cannot say that the jury was unreasonable in finding the defendant guilty. While the victim's hymen was intact, even the slightest degree of anal, vaginal, or oral penetration is legally sufficient to support the conviction. La.R.S. 14:41(B). The state's medical expert observed that even a slight amount of anal penetration would cause discomfort to a child, and the tear found on the victim's perineum could have been caused by rubbing the penis between the vaginal lips.

The defendant also notes a cell phone video recording, made by the victim's mother, in which the young girl recanted her previous statements. However, as noted earlier, the victim testified that the defendant "sticked [sic] his thing in [her] butt." That statement was supported by the physical evidence. The credibility assessment of the child's testimony was within the jury's discretion. That assessment will not be second-guessed on appeal. The defendant also mentions the grandmother's testimony that the defendant had a large penis and erectile dysfunction. Again, the credibility and weight of such testimony were within the jury's province. After viewing the evidence in a light most favorable to the prosecution, we find that a rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

For the reasons discussed, this assignment lacks merit.

ASSIGNMENT OF ERROR NUMBER TWO

In his second assignment of error, the defendant argues the trial court erred by denying his Motion for Mistrial. The motion for a mistrial was filed after the conclusion of the trial but before the sentencing. Although entitled "Motion for Mistrial," the trial court treated the motion as a motion for a new trial. We will review the denial of the motion as a denial of a motion for a new trial. The motion was based on an affidavit by the grandmother, and it alleged that the great-grandmother had encountered jurors outside the courtroom and had made negative comments to them about the defendant.

At the hearing on this motion, the grandmother, the great-grandmother, and three members of the jury testified. The grandmother was the first witness, and her testimony was congruent with her affidavit. She claimed that she saw the great-grandmother talking to a black female juror in the presence of other jurors. Further, she testified that the great-grandmother said the defendant was "angry all the time." The grandmother identified two women in court as having been present during the conversation.

These two women were later identified as alternates, and each testified that she did not speak to the great-grandmother. One of the women, Anita Simpson, stated that she had seen the great-grandmother speak to an African-American female, who was not a juror, during the trial. Thus, Simpson speculated that the grandmother might have been confused: "[She] might have her people mixed up."

The state also called the lone African-American female juror to testify. She also testified that she did not speak to the great-grandmother. The great-grandmother testified that she did not speak to any jurors during the trial.

At the close of the hearing, the trial court explicitly found the grandmother's testimony to be incredible, and denied the motion. The court was well within its discretion. *See, e.g., State v. Daigle*, 07-928 (La.App. 3 Cir. 1/30/08), 974 So.2d 869; *State v. Harrell*, 607 So.2d 661 (La.App. 3 Cir. 1992).

Therefore, this assignment lacks merit.

ASSIGNMENT OF ERROR NUMBER THREE

In his final assignment of error, the defendant argues that his life sentence was excessive. We note this sentence was mandatory, given the defendant's conviction for aggravated rape. La.R.S. 14:42(D). As the state points out, no motion to reconsider was filed below, thus the defendant is limited on appeal to a bare claim of excessiveness. La.Code Crim.P. art. 881.1, *State v. Davis*, 06-922 (La.App. 3 Cir. 12/29/06), 947 So.2d 201.

The analysis for such claims is well-established:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784

7

(La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

In a recent case involving the aggravated rape of a child victim, this court stated:

> The defendant was sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. This is the mandatory sentence for aggravated rape if the victim is under thirteen years of age. La.R.S. 14:42(D)(2)(b).
>
> In *State v. Foley*, 456 So.2d 979, 981 (La.1984), the supreme court discussed the penalty for aggravated rape as follows:
>
>> The mandatory life sentence for aggravated rape is a valid exercise of the state legislature's prerogative to determine the length of sentence for crimes classified as felonies. *State v. Prestridge*, 399 So.2d 564 (La.1981); *State v. Farria*, 412 So.2d 577 (La.1982); and *State v. Talbert*, 416 So.2d 97 (La.1982).
>
> In light of the court's reasoning in *Foley*, we find the defendant's sentence is not excessive and that this assignment of error lacks merit.

*State v. H.J.L.*, 08-823 pp. 7-8 (La.App. 3 Cir. 12/10/08), 999 So.2d 338, 343, *writ denied, State ex rel. Lantz v. State*, 09-606 (La. 12/18/09), 23 So.3d 936.

This assignment lacks merit.

## CONCLUSION

The defendant's conviction and sentence are affirmed.

**AFFIRMED.**

8